**R. M. BOWLER CONTRACT HAULING CO., INC., an Illinois corporation, et al., Plaintiffs,**

v.

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al., Defendants.**

Civ. No. 81–3386.

United States District Court, S. D. Illinois.

Sept. 24, 1982.

Kurtis B. Reeg, Coburn, Croft & Putzell, Belleville, Ill., for plaintiffs.

Clyde E. Craig & Fred A. Ricks, Jr., St. Louis, Mo., Joseph B. McDonnell, Belleville, Ill., for Local Union 525.

John D. Wendler, Belleville, Ill., and Timothy G. Costello, Milwaukee, Wis., for Central States.

ORDER

FOREMAN, Chief Judge:

Before the Court is defendant Funds' Motion to Dismiss Count I or in the alternative transfer Count I, and Motion to Dismiss Count II of the Complaint. Defendants' Motion to Transfer became moot when the Court on April 5, 1982, consolidated this action with Case No. 82–3172 which was transferred to this Court from the Northern District of Illinois. Thus, the Court will only address the motions to dismiss Counts I and II. Count I seeks a declaratory judgment on behalf of plaintiff R. M. Bowler Contract Hauling Co., Inc., as to its rights and liabilities under the Funds. Count II seeks pension benefits for Roger W. Bowler, an individual. Defendants assert that the Court is without jurisdiction to entertain either claim.

Plaintiffs allege that the Court has subject matter jurisdiction over Count I under Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(e)(1). Section 502(e)(1) of ERISA states that the "district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary." Plaintiff in Count I is an Illinois corporation and

contributing employer to defendant Funds. Courts have held that employers who contribute to employee benefit plans do not fit into any of the four limited categories of plaintiffs in § 502(e)(1). *Wong v. Bacon,* 445 F.Supp. 1177, 1183 (N.D.Cal.1977); *Modern Woodcrafts, Inc. v. Hawley,* 534 F.Supp. 1000, 1014 (D.Conn.1982). While it has been held that employers could be fiduciaries under the Act, *U. S. Steel Corp. v. Com. of Pa. Human Relations Com'n,* 669 F.2d 124, 127–28 (3d Cir. 1982), employers who *contribute* to employee benefit plans cannot claim standing under that heading. Nonetheless, plaintiff, although an employer who contributes to employee benefit plan, argues that it has standing as a "beneficiary" under the Act.

The term "beneficiary" is defined in 29 U.S.C. § 1002(8) to be "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." Employers have never been held to fall within this definition. Plaintiff claims to be a "beneficiary" because it is a person who receives a benefit from the provisions in the pension fund which provide for the processing and settlement of controversies between the Fund and employers.

■ While plaintiffs' argument is creative, it is unpersuasive. Although the word "benefit" is not specifically defined in ERISA, it is used, most notably in 29 U.S.C. § 1002(1), to mean traditional fringe benefits to which employees are entitled, such as medical, disability, unemployment and vacation benefits. In *Hibernia Bank v. International Brotherhood of Teamsters,* 411 F.Supp. 478, 489 (N.D.Cal.1976), the plaintiff Bank argued it was a beneficiary because it received the costs of administration of the trust out of the corpus of the trust. The court held that in order to have standing as a beneficiary a person must be entitled to "fringe benefits" under the applicable benefit plan. This interpretation is consistent with those cases which have restricted standing to *employee* beneficiaries. *National Bank of North America v. Local 553 Pension Fund,* 463 F.Supp. 636, 638 n.2

(E.D.N.Y.1978); *Smith v. Hickey,* 482 F.Supp. 644, 650 (S.D.N.Y.1979). Therefore, contributing employers are not "beneficiaries" under ERISA, and, thus, plaintiff corporation does not have standing to assert a claim under the Act.

■ Turning to Count II, it is obvious that R. W. Bowler, as an individual, has standing as an employee-beneficiary under the Act. Nonetheless, defendant argues that the Court lacks jurisdiction over Count II because Bowler failed to exhaust his remedies with the Funds before going to federal court. It is well settled that a claimant for benefits must exhaust his interfund remedies before seeking federal court review. *Amato v. Bernard,* 618 F.2d 559, 567–68 (9th Cir. 1980); *Taylor v. Bakery & Confectionary Union, Etc.,* 455 F.Supp. 816, 819–20 (E.D.N.C.1978). Courts have excused exhaustion if it would be "futile" for the claimant to resort to the interfund procedures. *Glover v. St. Louis-San Francisco Railway Company,* 393 U.S. 324, 330–31, 89 S.Ct. 548, 551–52, 21 L.Ed.2d 519 (1969). *Amato v. Bernard, supra,* 618 F.2d at 568. Plaintiff concedes he did not formally exhaust the interfund procedures, but asserts that federal jurisdiction at this time is proper under the "futility" exception.

The defendant Funds have three stages in their claims procedure. First, a claimant must apply to the Benefits Claim Review Committee. If the application is denied the claimant must go to the Benefits Claim Appeals Committee. Finally, if the claimant remains unsatisfied, he has a right to have the Board of Trustees review his application. Plaintiff argues that the following history of his claim reveals that any further attempt to obtain benefits via the interfund procedures would be time consuming, expensive and futile.

| September 1978 | – | Mr. Bowler applied for pension benefits. |
| September 15, 1978 | – | Application denied by the Benefits Claim Review Committee. |
| September 15, 1978 | – | Mr. Bowler appealed. |

| Date | | Event |
|---|---|---|
| November 9, 1978 | – | Benefits Claim Review Committee requests additional information from claimant. |
| December 20, 1978 | – | Additional information furnished. |
| February 12, 1979 | – | Application denied again by the Benefits Claim Review Committee. |
| April 18, 1980 | – | R. M. Bowler Contract Hauling Co., Inc., requests refund for all money contributed to the Pension Fund for Mr. Bowler. |
| May 29, 1981 | – | Request for refund denied by the Trustees of the Central States Pension Fund. |
| August 31, 1981 | – | Funds filed suit in the Federal District Court for the Northern District of Illinois seeking $30,000 in delinquent contributions from R. M. Bowler Contract Company. |
| September 25, 1981 | – | Plaintiff corporation filed this action. |
| March 24, 1982 | – | Plaintiff's second amended complaint adds Mr. Bowler's individual action for pension benefits. |

The Court finds that under these facts plaintiff has failed to exhaust his interfund remedies. In light of the potential burden on federal courts and the expertise of the trustees of the pension funds, there is a strong policy in favor of letting the trustees decide an employee's eligibility to benefits. *Taylor v. Bakery & Confectionary Union, Etc., supra,* 455 F.Supp. at 820. Plaintiff's claim for pension benefits ended on February 12, 1979, after he had two reviews by the Benefits Claim Review Committee based solely on documentary evidence. The rest of the procedural history outlined by plaintiff is irrelevant to this inquiry. While plaintiff may have thought that to go on would be futile, an inspection of the Pension Plan (Defendant's Exhibit C at 78–79) reveals that at the appeals stage and the Trustee stage plaintiff has an opportunity for a hearing and a right to be represented. Indeed, the Board of Trustees is authorized under some circumstances to grant an evidentiary hearing. In light of these opportunities to more fully present his claim, plaintiff's claim of futility is unreasonable.

Furthermore, plaintiff's reliance on *Morgan v. Laborers Pension Trust Fund for N. Cal.,* 433 F.Supp. 518 (N.D.Cal.1977) to support his futility argument is misplaced. In *Morgan,* the court excused the exhaustion requirement as to plaintiff Stone due to futility. Stone based his claim for benefits on the illegality of the Pension's "break in service rule" and the Pension's method of computing service credits. 433 F.Supp. at 529. The Pension's position on the legality of these rules and procedures was well established. Thus, the court held that under these "unique circumstances" it would be futile to press the legal argument through all the procedures. Plaintiff's case, however, does not rest on an established interpretation of the Trustees, rather on a narrow issue of fact; whether plaintiff had employee status with the company. Thus, the "unique circumstances" of *Morgan* are not present in this case.

Accordingly, on the basis of the above discussion, defendants' Motion to Dismiss Counts I and II of the complaint is hereby GRANTED.

IT IS SO ORDERED.