Robert **GRUBER**, Theresa Penza, on behalf of themselves and all others similarly situated including their dependents Glenwood Beer Distributors, Inc., on behalf of themselves and all other employers similarly situated, Plaintiffs,

v.

**HUBBARD BERT KARLE WEBER, INC.,** John Gordon, J. Patrick Karle, Richard M. McClure, Ronald D. Maxwell, and Timothy Mehl, Defendants.

Civ. A. No. 85–63 Erie.

United States District Court, W.D. Pennsylvania.

April 30, 1985.

Harry D. Martin and Joseph T. Messina, Ted J. Padden, Erie, Pa., for plaintiffs.

J. Patrick Karle, Erie, Pa., for defendants Hubbard Bart Karle Weber, Inc. and J. Patrick Karle.

James D. Morton, Buchanan Ingersoll, Pittsburgh, Pa., for defendants Gordon, McClure, Maxwell and Mehl.

OPINION

WEBER, District Judge.

Plaintiffs are employers and employees who sue the individual members of the Board of Directors and the administrative agent of a medical insurance plan which has failed and has been involuntarily placed in bankruptcy. They allege jurisdiction under ERISA, 29 U.S.C. 1001 et seq. The cause of action is an asserted failure of the directors and the administering agent to observe the standard of care and the reporting requirements of ERISA and breach of obligations of due care and fiduciary duties under state law.

While we have a separate motion to dismiss the action for want of ERISA jurisdiction due to the nature of the plan involved, that motion is not ripe for decision because it must await the production of evidence. For the purpose of the present motion we must assume that the complaint presents a well pleaded claim of ERISA at least as to some of the plaintiffs. An adverse finding there may give rise to a re-examination of the conclusions reached herein, under *U.M.W. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

The present motion which we address here is defendants' motion to dismiss two of the named plaintiffs, Glenwood Beer Distributors and Beechwood Industries, because they are employers and the ERISA statute limits suits under the act to participants, beneficiaries, the Secretary of Labor, and a fiduciary (29 U.S.C. § 1132 Civil Enforcement). A "participant" is defined in 29 U.S.C. § 1002(5) as:

The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan

which covers employees of such employer...

A "beneficiary" is defined in § 1002(8) as: The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

There is no express authority in the statute allowing employers to sue;[1] on the other hand nothing in the act evidences an intent to prohibit the right in all circumstances. The only judicial authority we have found to support this right is *Fentron Industries, Inc. v. The National Shopmen Pension Fund,* 674 F.2d 1300 (9th Cir.1982) where the court found the allegations of the Complaint sufficient to support injury to the employer to constitute a case or controversy under Article III of the Constitution, but also found no bar in the statutory language to a suit by the employer.

However, other cases from a variety of jurisdictions have denied standing to employers to bring suit under ERISA. *Tuvia Convalescent Center, Inc. v. National Union of Hospital and Health Care Employees,* 717 F.2d 726 (2 Cir.1983); *Pressroom Unions Printers League Income Sec. Fund v. Continental Assurance Co.,* 700 F.2d 889 (2 Cir.1983); *Modern Woodcrafts, Inc. v. Hawley,* 534 F.Supp. 1000 (D.Conn. 1982); *Blue Cross and Blue Shield v. Bell,* 596 F.Supp. 1053 (D.Kan.1984); *R.M. Bowler Contract Hauling Co. v. Central States, S.E. and S.W., Areas Pension Fund,* 547 F.Supp. 783 (S.D.Ill.1982); *Wong v. Bacon,* 445 F.Supp. 1177 (N.D.Cal. 1977).

In our own Circuit the same rule was applied in *Crown Cork & Seal v. Teamsters Pension Fund,* 549 F.Supp. 307 (E.D. Pa.1982), aff'd. 720 F.2d 661 (3 Cir.1983). The district court so held because the list of categories of parties specifically entitled to bring suit did not include employers. It also found that the type of relief sought by the employer would violate the underlying statutory scheme. A factual distinction between the relief sought there and the damages sought here may well indicate a different result. In *Crown* the result of the suit might impair the integrity of the fund; here the suit is not against the fund but against the individual directors and the administrative agent for damages suffered because of their breach of fiduciary duties. Plaintiff employers claims here appear to fall within the zone of interests sought to be protected by the statute which they invoke. *Association of Data Processing Service Organizations, Inc. v. Camp.,* 397 U.S. 150, 153, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970).

Nevertheless, we do find the exercise of pendent jurisdiction very appropriate here. The employer's claims arise from the same facts as the employees claims. If the employees' claims for medical expenses cannot be paid because of the exhaustion of the fund the employer may be liable to indemnify the employee. There is clearly present here the common nucleus of operative facts required by *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

Another *U.M.W. v. Gibbs* factor that speaks for pendent jurisdiction is the ordinary expectation that all claims could be tried in one judicial proceeding (p. 725). The situation here is compelling by reason of the fact that the employee claims could not be tried in any other forum because of the exclusive jurisdiction conferred upon the federal district courts to try ERISA claims (29 U.S.C. 1132(e)(1). Judicial economy, convenience and fairness require the exercise of pendent jurisdiction here. See *Trustees of the Retirement Benefit Plan, etc. v. Equibank,* 487 F.Supp. 58 (W.D.Pa. 1980).

We therefore find it proper and appropriate to exercise pendent jurisdiction of the employer plaintiff claims.

---

1. The authority for employers suits conferred in 29 U.S.C. 1451(c) does not apply here because it is limited to the Special Provisions for Multiemployer Plans added to the act by the Multiemployer Amendments of 1984.

## ORDER

It is ordered that the motion of defendants to dismiss the claims of Plaintiffs Glenwood Beer Distributors, Inc. and Beechwood Industries, Inc., is DENIED.