**HAHN ACQUISITION CORPO-RATION, a Delaware corporation, Plaintiff,**

v.

**Thomas HAHN, an individual, and John Hahn, an individual, jointly and severally, Defendants.**

**No. CIV 99–40426.**

United States District Court, E.D. Michigan, Southern Division.

March 29, 2001.

Andrew J. Haliw, Nanette L. Korpi, Joseph A. Siciliano, Haliw, Siciliano, Farmington Hills, MI, for plaintiff.

Jeffrey Alan Ishbia, Ishbia & Gagleard, Birmingham, MI, for defendants.

Andrew J. Haliw, Haliw, Siciliano, Farmington Hills, MI, Thomas G. McNeill,

Dickinson, Wright, Detroit, MI, for movant.

## ORDER

GADOLA, District Judge.

On February 9, 2001, this Court ordered Plaintiff Hahn Acquisition Corporation to show cause as to why Count I of the First Amended Complaint should not be dismissed because it is not a claim for relief arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, and, even if it were, Plaintiff is not a proper party to bring a breach of fiduciary duty claim under Section 502 of ERISA, 29 U.S.C. § 1132(a). On February 23, 2001, Plaintiff filed its response to the Order to Show Cause, and on March 5, 2001, Defendants Thomas Hahn and John Hahn filed their response.

Meanwhile, on March 5, 2001 Magistrate Judge Virginia Morgan filed a Report and Recommendation on the same issues presented in the Order to Show Cause. On March 9, 2001, Defendants filed their objection to the Report and Recommendation, and, on March 15, 2001, Plaintiff filed its objections.

This Court has reviewed the responses to the Order to Show Cause, the Report and Recommendation and the objections thereto, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R.Civ.P. 72(b); E.D. Mich. LR 72.1(d)(2), and concludes that the claim for relief in Count I does not arise under ERISA nor is it preempted by federal law, and Plaintiff is not a proper party under ERISA even if this claim were governed by federal law. Therefore, because there is no federal claim in Plaintiff's First Amended Complaint, this Court will dismiss this civil action without prejudice for lack of subject matter jurisdiction.

## I

Plaintiff is a Delaware corporation with its principal place of business in Michigan. (*See* First Amend. Compl. ¶ 1.) At least Defendant John Hahn is a citizen of Michigan for purposes of this Court's subject matter jurisdiction. (*See id.* ¶ 3; Answer First Amend. Compl. ¶ 3.) *See* 28 U.S.C. § 1332. This civil action arises from Defendants' having sold Hahn Elastomer Corporation to Plaintiff pursuant to a Stock Purchase Agreement. This Court's subject matter jurisdiction over this civil action is premised on the existence of a federal question, 28 U.S.C. § 1331, and this Court's supplemental jurisdiction, 28 U.S.C. § 1367.

Plaintiff pleaded four counts in its First Amended Complaint: breach of fiduciary duty, allegedly in violation of ERISA, 29 U.S.C. § 1109 (Count I); breach of contract in violation of Michigan law (Count II); fraudulent concealment and/or misrepresentation in violation of Michigan law (Count III); and unjust enrichment in violation of Michigan law (Count IV).

In her March 5, 2001 Report and Recommendation, Magistrate Judge Morgan concluded that (1) Plaintiff cannot pursue an ERISA claim because it did not bring this civil action on behalf of the Hahn Elastomer Corporation Profit Sharing Plan and Trust (the "Plan"), (2) Plaintiff has no standing to bring a claim under ERISA, and (3) ERISA does not preempt Plaintiff's claim for relief under the Stock Purchase Agreement. For these reasons, Magistrate Judge Morgan recommended that Defendants' motion for partial summary judgment on Count I of the First Amended Complaint "be granted and the case remanded to state court." (Rep. & Rec. at 8.)

## II

Plaintiff first objects that Magistrate Judge Morgan's conclusion that Plaintiff did not bring this civil action on behalf of the Plan ignores the findings of Plaintiff's expert, Michael Brown, who offered the opinion that Defendants administered the Plan in a "top-heavy" manner and rendered the Plan liable to the Internal Revenue Service. Even if the Court assumes, *arguendo*, that this expert's opinion is correct, Plaintiff's claim for relief in Count I still was brought on behalf of Plaintiff itself and not on behalf of the Plan. The Plan is not a party, and Plaintiff seeks relief for itself rather than for its subsidiary corporation's Plan. Therefore, this Court will overrule Plaintiff's first objection.

Second, Plaintiff objects that it has standing to bring a "Federal Common Law cause of action relating to an ERISA governed Plan" under *Whitworth Brothers Storage Co. v. Central States, Southeast And Southwest Areas Pension Fund,* 794 F.2d 221, 228 (6th Cir.1986). The Sixth Circuit appears to have rejected the use of the rubric of "standing" in analyzing this sort of case. "Courts have often discussed actions by employers under ERISA in terms of standing. However, the standing question is certainly analytically distinct from the questions of failure to state a claim and lack of jurisdiction." *Id.* at 227 n. 7 (internal citations omitted). In order to have standing, a plaintiff must allege that it personally suffered some actual or threatened injury. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 105–06, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982); *Coyne v. American Tobacco Co.,* 183 F.3d 488, 494 (6th Cir.1999). Furthermore, a plaintiff must allege that the personal injury was caused by the defendant's conduct and that it is likely to be redressed by a favorable federal court deci-

sion. *See Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); *Coyne,* 183 F.3d at 494. Here, Plaintiff allegedly suffered an injury in fact because Defendants failed to fully disclose Hahn Elastomer Corporation's liabilities, so Plaintiff appears to have standing. Nevertheless, this Court may lack subject matter jurisdiction because there is no federal right of action available to Plaintiff.

Section 502 of ERISA lists only three classes of persons who may bring a civil action under ERISA: (1) a participant or beneficiary, (2) the Secretary of Labor, and (3) a fiduciary. *See* 29 U.S.C. § 1132(a) and (e)(1); *Whitworth Brothers,* 794 F.2d at 228; *Tuvia Convalescent Center, Inc. v. National Union of Hospital & Health Care Employees,* 717 F.2d 726, 730 (2d Cir.1983); *Pressroom Unions–Printers League Income Security Fund v. Continental Assurance Co.,* 700 F.2d 889, 892 (2d Cir.1983). As the Sixth Circuit explained in *Whitworth Brothers,* "[precedent] and the plain language of the statute make clear that Congress intended to limit the parties who could maintain actions pursuant to section 502[ and] that section 502 is an exclusive grant of jurisdiction . . . ." 794 F.2d at 228.

Nevertheless, the *Whitworth Brothers* Court went on to consider whether the plaintiff there had an implied right of action under ERISA and whether "federal common law" preempted state law under the facts of that case. The Sixth Circuit concluded that, although the plaintiff employer did not have an implied right of action under Section 403 of ERISA against a defendant fund for a refund of contributions, *see* 794 F.2d at 233, federal common law did preempt state law in a civil action brought by an employer against a fund for a refund of contributions, *see id.* at 236.[1]

In Count I of the instant case, a parent corporation is suing the individuals who failed to disclose the liabilities under ERISA of a subsidiary corporation it purchased. Plaintiff here is not a participant, beneficiary, or fiduciary under the Plan— and it certainly is not the Secretary of Labor—so according to precedent and the plain language of the statute, Plaintiff does not have a right of action under ERISA. Furthermore, Plaintiff is not the employer and Defendants are not the ERISA-governed Plan itself, as in *Whitworth Brothers,* so the narrow judicially created claim for relief in that case does not apply here. Therefore, there is no federal jurisdiction to entertain a civil action brought by this Plaintiff under ERISA, and this Court will overrule Plaintiff's second objection.

Third, Plaintiff objects that because the claim for relief in Count I relates to a Plan governed by ERISA, federal law preempts the claim for breach of fiduciary duty under the Stock Purchase Agreement. "A claim for breach of Section 2.9

---

1. Some commentators have criticized the Sixth Circuit's creation of a federal right of action not provided by Congress:

   In *Whitworth Bros. Storage Co. v. Central States, Southeast and Southwest Areas Pension Fund,* the Sixth Circuit created a federal common-law remedy of restitution that is not present in ERISA. * * * Remarkably, having determined that Congress intended to exclude a restitution remedy, the court found that the judiciary could create the remedy itself as a matter of federal common law. The court broadly construed its power to create federal common law, insisting that Congress intended that courts develop a federal common law regarding pension plans. It found that its power to create federal common law under ERISA was extremely broad and that the creation process included several methods. These methods included looking to the "penumbra" of the statute and otherwise using "judicial inventiveness" to achieve creative solutions to ERISA problems.

   Jeffrey A. Brauch, *The Federal Common Law of ERISA,* 21 Harv. J.L. & Pub. Pol'y 541, 543–45 (1998).

of the Stock Purchase Agreement, because it relates to an ERISA Plan, is governed by Federal common law and arises under 28 U.S.C. § 1331." (Pl. Resp. at 17.)

■ In general, ERISA preempts "all State laws insofar as they . . . relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). But "some state laws 'may affect employee benefit plans in too tenuous, remote, or peripheral a manner' to warrant a finding that the law 'relates to' the plan.'" *Whitworth Brothers*, 794 F.2d at 234 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)). Indeed, the Supreme Court has warned courts not to use too expansive an understanding of the "relates to" terminology:

> If 'relate to' were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes pre-emption would never run its course, for '[r]eally, universally, relations stop nowhere,' H. James, *Roderick Hudson* xli (New York ed., World's Classics 1980). But that, of course, would be to read Congress's words of limitation as mere sham, and to read the presumption against pre-emption out of the law whenever Congress speaks to the matter with generality.

*New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995).

Upon review of Plaintiff's articulation of its claim for relief in Count I, this Court concludes that its claim affects the Plan in too tenuous, remote, and peripheral a manner to warrant a finding that it "relates to" the Plan. Plaintiff's claim for relief in Count I actually is a claim for breach of Section 2.9 of the Stock Purchase Agreement because Defendant allegedly failed to disclose liabilities incurred under the Plan rather than a claim arising under ERISA or relating to an ERISA plan within the meaning of 29 U.S.C. § 1144(a). In other words, the contractual obligations that are the subject of Count I were created by the Stock Purchase Agreement rather than ERISA. Thus, ERISA does not preempt Plaintiff's breach of fiduciary duty claim in Claim I, and this Court will overrule Plaintiff's third objection.

Therefore, this Court having overruled Plaintiff's objections and concluded that Count I does not state a claim for relief that arises under federal law and that Plaintiff is not a proper party to a civil action under ERISA, and because all remaining claims for relief arise under state law, this Court will dismiss this civil action without prejudice. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (In general, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). Counsel for Plaintiff is hereby directed to Section 600.5856 of the Michigan Compiled Laws regarding the tolling of the state statute of limitations. *See Lee v. Grand Rapids Board of Education*, 148 Mich.App. 364, 384 N.W.2d 165 (1986); *Ralph Shrader, Inc. v. Ecclestone Chemical Co.*, 22 Mich. App. 213, 177 N.W.2d 241 (1970).

### III

Defendants object that Magistrate Judge Morgan's Report and Recommendation states that this civil action originally was filed in state court and removed by Defendants when, in fact, it originally was filed in federal court. Therefore, according to Defendants, Magistrate Judge Morgan should have recommended dismissing the civil action rather than remanding it to state court. A review of the procedural history of this case shows that it originally was filed in federal court. Therefore, this Court will sustain Defendants' objection and will modify the Report and Recom-

mendation to dismiss this case, as discussed above, rather than remand it.

## IV

In the alternative, Plaintiff moves this Court to add a Plaintiff that would be proper under ERISA. This Court will deny that request as moot because this Court concluded above that Count I does not relate to an ERISA-governed plan and is not preempted by federal law. If a participant, beneficiary, or fiduciary wishes to seek recovery on behalf of the Plan for the alleged mismanagement by Defendants, then such a participant, beneficiary, or fiduciary should bring a proper claim for relief in a civil action that is separate from the disarray that this civil action has become because of counsels' behavior.

Furthermore, even if this Court had concluded that the claim for relief in Count I was preempted by federal law, this Court would exercise its discretion not to entertain the supplemental state claims, see 28 U.S.C. § 1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and would dismiss without prejudice Counts II, III, and IV. In exercising its discretion, the Court must look to "considerations of judicial economy, convenience and fairness to the litigants" and avoid needless decisions of state law. 383 U.S. at 726, 86 S.Ct. 1130; *see* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3567.1 (2d ed.1984).

Recent litigation in the federal courts involving federal law claims together with supplemental state law claims has caused procedural and substantive problems such that litigating them claims together may not serve judicial economy or trial convenience. Because federal and state law each have a different focus, and because the two bodies of law have evolved at different times and in different legislative and judicial systems, in almost every case with supplemental state claims the courts and counsel become unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding. The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, makes the jury instructions longer, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Thus, in many cases the apparent judicial economy and convenience to the parties of entertaining pendent state claims is offset by the problems those claims create.

This case is an exemplar of the inefficiencies created by entertaining several would-be supplemental state claims. In the relatively short time this case has been pending, the attorneys' hyperactive litigiousness has proved to be a significant drain on the Court's resources. As Magistrate Judge Morgan explained in a recent order denying cross-motions for sanctions,

> The conduct of counsel on both sides of this dispute has unfortunately fallen below the civility standards of this district. Both have engaged in repeated verbal attacks on one another. They have filed a multiplicity of papers which were necessitated only because of a mutual failure to cooperate in discovery. Suffice it to say that counsel for both sides have engaged in conduct which could warrant sanctions. The court ... finds that imposition of monetary sanctions would only encourage further protracted satellite litigation and would not move the case forward.

(Order at 1.)

When this case was filed, the Court was concerned that Counts II, III, and IV might have been preempted by the supposed "ERISA claim" in Count I, as state

law claims often are. As a result of Magistrate Judge Morgan's Report and Recommendation and the responses to this Court's Order to Show Cause, it is clear that Counts II, III, and IV are not preempted by ERISA. Thus, even if this Court had concluded that Count I was preempted by federal law, this Court would have dismissed all other counts for the sake of judicial economy and avoid needless decisions of state law.

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiff's objections to Magistrate Judge Morgan's March 5, 2001 Report and Recommendation [Docket Entry 257] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Second Amended Complaint [Docket Entry 235] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' objection to Magistrate Judge Morgan's March 5, 2001 Report and Recommendation [Docket Entry 252] is **SUSTAINED.**

**IT IS FURTHER ORDERED** that Magistrate Judge Morgan's March 5, 2001 Report and Recommendation [Docket Entry 242] is **MODIFIED** in part and **ACCEPTED** in part.

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment [Docket Entry 69] is **GRANTED.**

**IT IS FURTHER ORDERED** that this civil action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**SO ORDERED.**