In re The ESTATE OF James A. SHEPPARD, A Minor.

The ESTATE OF James A. SHEPPARD, A Minor, Plaintiff,

v.

CATERPILLAR, INC., Allstate Insurance Co., and Mennonite Hospital, Defendants.

No. 87–3008.

United States District Court, C.D. Illinois, Springfield Division.

April 20, 1987.

**730**

Loren Thomsen, Bloomington, Ill., for plaintiff.

Francis Brady, Jr., Bloomington, Ill., guardian ad litem.

Timothy F. Haley, Maureen A. Gorman, Chicago, Ill., Theodore R. Johnson, Nancy L. Snowden, Peoria, Ill., for Caterpillar, Inc.

John L. Morel, Bloomington, Ill., for Allstate Ins. Co.

William B. Lawrence, Bloomington, Ill., Mennonite Hosp.

## OPINION ORDER

MILLS, District Judge:

The employer here may not enter the federal court by the back stairs when the main door to the courthouse is locked.

Can the mere fact that ERISA is involved in this suit confer federal jurisdiction?

No.

The Estate of James Sheppard originally brought this suit in the Circuit Court of Illinois, McLean County. *In re Estate of Sheppard,* No. 86–P–309 (Cir.Ct. McLean Co., filed Nov. 12, 1986). Therein, the estate sought, *inter alia,* a declaration that a $54,000 lien placed by Caterpillar upon the proceeds of its proposed settlement with a tortfeasor was invalid.

Sheppard, a minor, sustained serious injury when a vehicle in which he was riding overturned. Under the terms of a group insurance plan entered into with his father (a Caterpillar employee) the company covered a portion of the child's medical expenses. Subsequently, the estate reached a tentative structured settlement with the auto driver's insurance company, Fireman's Fund. The insurer, however, indicated it would put the names of Caterpillar and other claimants on the initial $175,000 payment check to protect itself, unless the liens were adjudged null as to the settlement—a settlement thus giving rise to the present litigation.[1]

---

1. Plaintiff brought its state petition pursuant to Article XI of the Illinois Probate Code, Ill.Rev. Stat. ch. 110½, ¶¶ 11–1 to 11–18 (1985), which requires the Court to approve distributions from a minor's estate. *Id.* ¶ 11–13. Plaintiff asked the circuit court to approve disbursement of the initial $175,000 payment between its depository and attorney, and declare invalid the liens of Caterpillar, Allstate Insurance, and Mennonite Hospital arising from their remuneration of the child's medical costs.

Caterpillar now petitions this Court pursuant to 28 U.S.C. § 1441(a), (c) for removal of the state probate proceeding.[2] The company contends that since the policy under which it made payments to the minor is an "employee benefit plan" regulated by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1002(1), (3), 1003(a), the Plaintiff's claim arises under ERISA and so is more properly addressed to a federal tribunal.[3]

The estate, in turn, petitions for remand to the Eleventh Circuit of Illinois, asserting neither ERISA's provisions nor federal common law governs the controversy; it urges, rather, that state substantive law and the terms of Defendant's plan are dispositive.

In compliance with 28 U.S.C. § 636(b)(1)(B), the United States Magistrate has entered a recommendation to remand the cause. Relying upon *Golen v. Chamberlain Mfg. Corp.*, 139 Ill.App.3d 53, 93 Ill.Dec. 677, 487 N.E.2d 121 (1st Dist.1985), he suggests that Plaintiff's action only tangentially concerns ERISA.[4] Hence, he concludes that the conflict is for an Illinois court to decide as a matter of state law. *See also Local Union 212 Int'l Bhd. of Elec. Workers Vacation Trust Fund v. Local 212 IBEW Credit Union*, 549

F.Supp. 1299 (S.D.Ohio 1982), *aff'd*, 735 F.2d 1010 (6th Cir.1984).

Having carefully reviewed the record, as well as the status of applicable law, the Court finds the procedural posture of this case and the jurisdictional problem it presents both complex and confusing. Nevertheless, it is convinced that to decide the validity of Caterpillar's lien would be to act "improvidently and without jurisdiction." 28 U.S.C. § 1447(c). Consequently, the Court adopts the Magistrate's recommendation, albeit upon a different course of reasoning.

Before proceeding with an analysis, however, further clarification of the parties' respective positions is in order.

### The Controversy

Caterpillar asserts its lien on the settlement proceeds through an alleged right of subrogation contained in the ERISA governed insurance policy. Thus, the estate's action purportedly seeks a declaration of rights under the employee benefit plan pursuant to 29 U.S.C. § 1132(a)(1)(B):

> A civil action may be brought by a participant or beneficiary to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the

**2.** Section 1441 provides in relevant part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

\* \* \* \* \* \*

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Only Caterpillar's claim creates any semblance of federal jurisdiction. Yet, the company maintains the entire matter is removable under subsection (c). Allstate agrees and joins the petition. Mennonite, however, opposes removal. In view of the Court's holding that no portion of the cause provides it with jurisdic-

tion, the issue of separate and independent claims does not arise.

**3.** The estate does not deny that the insurance plan is covered by ERISA.

**4.** In *Golen*, an employee sought to hold his employer liable for breach of a contract for pension benefits. Although the Court found that a determination of damages required consideration of the ERISA–regulated pension plan, it reasoned the plan only incidentally related to the state contract claim. Thus, ERISA did not preempt Plaintiff's cause of action: "A state law which directly regulates the content or operation of an ERISA plan is preempted by section 1144(a). When state law only tangentially impacts upon an ERISA plan, however, federal law does not preempt the state law." *Golen*, 139 Ill.App.3d at 57, 93 Ill.Dec. at 681, 487 N.E.2d at 125.

Based upon the foregoing, the Magistrate concluded that Congress could not have intended the federal courts to assume jurisdiction over state guardianship procedures. Moreover, ERISA provided no guidance as to how a district court might treat the subrogation issue.

plan, or to clarify his rights to future benefits under the terms of the plan. In other words, the minor, a beneficiary, requests a determination of the propriety of the employer's subrogation claim—a suit over which, Defendant alleges, state and federal courts exercise concurrent jurisdiction. 29 U.S.C. § 1132(e)(1).

In contrast, the estate's position as set forth on the face of its state petition is two-fold. First, it contends that the Illinois Family Expense Statute, Ill.Rev.Stat. ch. 40, § 1015 (1985), renders only parents liable for the medical expenses of their minor children: "Thus, the obligation to pay the medical expenses is on the parent, and the cause of action to recover for the medical expenses lies in the parent, not in the child." *Estate of Hammond v. Aetna Casualty*, 141 Ill.App.3d 963, 965, 96 Ill.Dec 270, 272, 491 N.E.2d 84, 86 (1st Dist.1986). Since the minor is not primarily liable for the hospital bills, his estate believes Caterpillar cannot enforce a right of subrogation against it.

Furthermore, Plaintiff asserts the lien is invalid because the settlement is not for past expenses, but rather for the minor's pain, disability and suffering. The subrogation clause of the plan states:

> [T]he Employer ... shall be subrogated to all right of recovery of the Employee or Dependent with respect to any expenses included in any ... settlement only to the extent that said ... settlement is expressly identified as a payment for services....

The estate, however, cites neither ERISA nor the clause in its claim for relief.

Countering the petition, the corporation argues Plaintiff may not assert state law against it.[5] It maintains the subrogation right is an integral part of the plan's administration. Therefore, any Illinois statute purporting to override that right must be preempted by § 514 of ERISA, 29 U.S.C. § 1144: "[T]he provisions of this

subchapter ... shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." *See Shaw v. Delta Air Lines*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The estate's suit, then, necessarily arises under ERISA. Removal of an action is proper where the real nature of the claim is federal, regardless of Plaintiff's characterization. *Mitchell v. Pepsi-Cola Bottlers, Inc.*, 772 F.2d 342 (7th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1266, 89 L.Ed.2d 575 (1986); *Waycaster v. AT & T Technologies, Inc.*, 636 F.Supp. 1052 (N.D. Ill.1986).

Admittedly, the artful pleading exception allows the Court to review Defendant's removal petition in addition to the complaint in determining whether Plaintiff actually pleads a federal cause of action. Having done so, however, the Court finds both parties somewhat misguided in their analyses.

### Discussion

■ As Caterpillar correctly notes, Plaintiff's state petition in essence requests a declaratory judgment that the employer's lien is of no force against the settlement. *See* Ill.Rev.Stat. ch. 110, ¶ 2–701 (1985). Thus, upon removal, this Court must consider the estate's action as originating under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.[6] *Illinois ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 939 (7th Cir.1983). Consequently, we review the jurisdictional question in light of the act's purpose and construction.

### I

■ An historic function of the declaratory judgment suit is to enable a potential defendant to avoid inconvenience by accelerating a plaintiff's action. *Thomas v. Shelton*, 740 F.2d 478, 485 (7th Cir.1984). For example, the Seventh Circuit in *Wis-*

---

5. Nowhere in its memorandum does Caterpillar address the wording of the plan's subrogation clause.

6. Section 2201 states: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration...."

*consin v. Baker,* 698 F.2d 1323, 1329–30 (7th Cir.), *cert. denied,* 463 U.S. 1207, 103 S.Ct. 3537, 77 L.Ed.2d 1388 (1983), allowed removal of the state's declaratory count alleging members of an Indian tribe had no federal right under a treaty to restrict access to navigable waters:

> [T]he State's federal claim is well-pleaded. True, it is anticipatory in that it is a defense to a coercive action defendants could have brought in federal court. But it is precisely this kind of anticipation that the Declaratory Judgment Act was intended to allow.

*Id.* at 1329;[7] *see also Sticker Indus. Supply Corp. v. Blaw-Knox Co.,* 367 F.2d 744, 746–47 (7th Cir.1966). The operation of the act then is procedural only: "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950). Accordingly, where a declaratory judgment plaintiff seeks in substance to assert defenses to an adversary's imminent action, it is the character of the threatened action, not the defenses, which determines federal question jurisdiction. *Public Service Comm'n v. Wycoff Co.,* 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952); *see generally Stone & Webster Eng'g Corp. v. Ilsley,* 690 F.2d 323, 327 (2d Cir.1982).

■ In this instance, Plaintiff's petition merely precipitates Caterpillar's subrogation action against it. The estate had no other choice but to seek a declaratory judgment when the tortfeasor's insurance company threatened to place the alleged lienholder's name on the settlement check. Its complaint raises only defenses—namely, that Illinois law and the plan's subrogation clause negate the employer's lien on the settlement proceeds.[8]

■ Thus, jurisdiction cannot be premised upon § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132. As previously mentioned, that section allows a beneficiary to enforce his rights under the plan. But here, the minor's estate attempts to shield itself from a subrogation right asserted by the corporation. Seeking a declaration of liability does not "enforce" the plan. *Gulf Ins. Co. v. Arnold,* 809 F.2d 1520, 1523–24 (11th Cir.1987). Indeed, Caterpillar, as an employer, attempts to enforce a claimed right under the plan! Nothing, however, in subsection (a)(1)(B) grants an employer the power to do so in federal court—Congress gave only participants and beneficiaries this privilege.

The issue then becomes whether Caterpillar could bring an ERISA-based action in this Court asserting its lien against the estate. If not, the corporation is entitled to no relief. The procedural structure of this lawsuit will not permit the employer to enter the district court by an indirect means when it cannot do so directly.

## II

■ At the outset of its analysis, the Court notes that the language of ERISA

---

7. But for § 2201, the Court explained the only coercive action the state could bring was one for an injunction to enjoin a continuing trespass against public property rights in navigable waters—a state law claim. *Wisconsin,* 698 F.2d at 1329.

8. Whether the estate's contention, that the plan itself prohibits Caterpillar's lien, raises a federal question under ERISA is of no import since such an inquiry concerns only the nature of a potential defense. *Wycoff,* 344 U.S. at 248, 73 S.Ct. at 242.

 Admittedly, Plaintiff *may* have been able to obtain federal jurisdiction under 29 U.S.C. § 1132(a)(3) to enforce the subrogation clause:

> A civil action may be brought—
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or

the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan. *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 26–27, 103 S.Ct. 2841, 2855–56, 77 L.Ed.2d 420 (1983). Even assuming *arguendo,* however, that the estate's petition rests upon this subsection, the Court would still not possess removal jurisdiction. Federal tribunals exercise exclusive jurisdiction over subsection (a)(3) suits, 29 U.S.C. § 1132(e)(1). Thus, Caterpillar could not remove. The well-established rule is that where an action is commenced in state court, but jurisdiction is exclusively federal, the action may not be removed. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3722 (2d ed. 1985).

must control: "[T]he legislative purpose is expressed by the ordinary meaning of the words used. Thus, absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982). Moreover, district courts possess limited jurisdiction. They may not exercise judicial authority without a clear legislative mandate. *Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co.*, 700 F.2d 889, 892 (2d Cir.), *cert. denied*, 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983).

### A

On the issue at hand, the Seventh Circuit has not yet spoken.[9] Nevertheless, courts generally agree that ERISA's jurisdictional provision does not provide a civil action for employers *qua* employers. *See, e.g., Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1102 (6th Cir.1983). As the Supreme Court stated: "The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purposes." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 21, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 420 (1983). Those parties are enumerated in § 502(e)(1), 29 U.S.C. § 1132:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a *participant, beneficiary,* or *fiduciary.* State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section. (emphasis added).

Nothing in the documents submitted to this Court, however, indicates that Caterpillar is a "participant, beneficiary, or fiduciary" as the terms are defined in 29 U.S.C. § 1002. Rather, the corporation describes itself as an administrator. *See* 29 U.S.C. § 1002(16)(A). But although Congress certainly felt employers and administrators were important to the proper functioning of ERISA's regulatory scheme, it provided them no power under the act to institute a civil action. Congress drafted § 1132 with particular precision—a precision upon which United States Courts are not permitted to expand. As the Second Circuit noted in *Pressroom*, 700 F.2d at 892:

> We focus not on whether the legislative history reveals that Congress intended to *prevent* actions by employers or other parties, but instead on whether there is any indication that the legislature intended to *grant* subject matter jurisdiction over suits by employers, funds, or other parties not listed in § 1132(e)(1).... ERISA's legislative history is silent on both these questions, and we therefore conclude that absent such expression, § 1132(e)(1) should be viewed as an exclusive jurisdictional grant.[10]

---

9. The only Seventh Circuit case arguably applicable is *International Ass'n of Bridge, Structural & Ornamental Iron Workers Local No. 111 v. Douglas*, 646 F.2d 1211 (7th Cir.), *cert. denied*, 454 U.S. 866, 102 S.Ct. 328, 70 L.Ed.2d 166 (1981). In that decision, the Court held a union had jurisdiction to sue on behalf of plan participants under § 1132(a)(1)(B). *Id.* at 1214. It did not, however, attempt to reconcile this result with the express words of the subsection which do not include unions among the persons or entities entitled to sue.

10. As in *Pressroom*, the employer in this instance has not alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and thus the Court expresses no definitive view on the applicability of that statute. 700 F.2d at 892 n. 7. Two points, however, should be observed. First, the Supreme Court's decision in *Franchise Tax Board*, 463 U.S. at 26–27, 103 S.Ct. at 2855–56, as well as ERISA's exact wording, casts doubt on the applicability of § 1331. *Cf. Northeast Dept. ILCWU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund*, 764 F.2d 147, 155 (3d Cir.1985) (panel completely divided as to basis of jurisdiction). Second, even assuming Caterpillar's preemption claim gives rise to § 1331 jurisdiction, the company's standing to bring the action is highly questionable. *See infra* Part II, B.

(*criticizing Fentron Indus. Inc. v. National Shopmen Pension Fund,* 674 F.2d 1300 (9th Cir.1982) (employer could bring action under ERISA)). *See also Stone & Webster Eng'g Corp. v. Ilsley,* 690 F.2d 323, 326 (2d Cir.1982), *aff'd without opinion,* 463 U.S. 1220, 103 S.Ct. 3564, 77 L.Ed.2d 1405 (1983) (employer afforded no jurisdiction under § 1132(e)(1)); [11] *Amalgamated Indus. Union Local 44-A Health & Welfare Fund v. Webb,* 562 F.Supp. 185 (N.D.Ill.1983) (adopting reasoning of *Pressroom* ). Thus, Caterpillar could not maintain an action under ERISA in the district court to enforce its lien. Consequently, it may not remove the estate's declaratory judgment suit from state court.

The corporation argues vehemently that any state law which might negate the lien seeks to regulate the insurance plan and must be preempted by ERISA § 514(a), 29 U.S.C. § 1144. Even assuming, however, that the Illinois Family Expense Statute, Ill.Rev.Stat. ch. 40, ¶ 1015 (1985), "relates to" the plan, the Court's power to hear this case as presenting a federal question does not follow. The teaching of the Supreme Court is appropriate here:

> ERISA carefully enumerates the parties entitled to seek relief under § 502 [29 U.S.C. § 1132]; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action ... on the issues in this case. A suit for similar relief by some other party does not "arise under" that provision.

*Franchise Tax Board,* 463 U.S. at 27, 103 S.Ct. at 2855; *see also Whitworth Bros.*

Storage Co. v. Central States, Southeast & Southwest Areas Pension Fund, 794 F.2d 221, 224-28 (6th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 645, 93 L.Ed.2d 701 (1986) (Congress intended to limit the parties who could maintain actions pursuant to § 502).[12] Unquestionably, federal jurisdiction to determine Caterpillar's subrogation right under the ERISA–governed plan is absent in the case at bar.

**B**

As an alternative to a jurisdictional approach, many courts have analyzed employer suits under the act in terms of *standing. Id.* at 226 n. 7. The issue of standing, however, is undoubtedly analytically distinct from the question of jurisdiction and warrants a brief discussion. *Cf. Pressroom,* 700 F.2d at 894. As the *Pressroom* court properly noted, 29 U.S.C. § 1132 addresses jurisdiction and standing separately. *Id.* at 891–92. Subsection (a) sets forth the parties entitled to bring certain types of actions while subsection (e)(1) grants the district court jurisdiction over those suits.[13]

Still, a separate review of both problems leads to the same conclusion. Subsection 1132(a), like (e)(1), offers Caterpillar no encouragement. It provides standing only to participants, beneficiaries, fiduciaries, and the Secretary of Labor. Most notably, that provision excludes employers and administrators. Thus, an analysis of the standing issue necessarily follows the Court's discussion of jurisdiction closely. *See, e.g., Tuvia Convalescent Center, Inc. v. Na-*

---

**11.** Apparently, if Caterpillar had sought an injunction to enjoin enforcement of state laws it believed were preempted by ERISA, this Court could exercise jurisdiction, as did the Second Circuit in *Stone,* 690 F.2d at 327-28.

> A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is preempted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.

*Shaw v. Delta Air Lines,* 463 U.S. 85, 96 n. 14, 103 S.Ct. 2890, 2899 n. 14, 77 L.Ed.2d 490 (1983). Defendant's position, however, clearly cannot be construed as a request for injunctive relief.

**12.** *Whitworth* involved an employer's suit pursuant to 29 U.S.C. § 1103(c)(2)(A)(ii), to recover payments from an ERISA–governed retirement plan which were allegedly made mistakenly. The Plaintiff asserted, and the Court found, jurisdiction under 28 U.S.C. § 1331 since ERISA's preemption provision mandated the application of federal common law. This Court expresses no opinion on that finding. *See supra* note 10.

**13.** As previously explained, Caterpillar purports to rest jurisdiction upon § 1132(e)(1) via subsection (a)(1)(B), rather than addressing the standing issue separately. The Court believes, however, its analysis is the more proper.

*tional Union of Hospital & Health Care Employees,* 717 F.2d 726 (2d Cir.1983); *R.M. Bowler Contract Hauling Co. v. Central States, Southeast & Southwest Areas Pension Fund,* 547 F.Supp. 783 (S.D.Ill.1982).

■ Indeed, Caterpillar may satisfy the prerequisite for standing under Article III of the Constitution: A personal stake in the outcome of the controversy warranting invocation of federal-court jurisdiction and justifying exercise of the court's remedial powers on the claimant's behalf. *Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975). But Congress, through legislation, may restrict the scope of the standing doctrine by choosing not to expand the concept to the full extent allowed by Article III. *Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 100, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979). In drafting ERISA, the lawmakers elected such a course.[14]

The act seeks to protect the interests of participants and beneficiaries in employee benefit plans by way of a carefully drawn regulatory scheme. 29 U.S.C. § 1001. In § 1132, Congress specified the parties and actions necessary to insure that the law's aims were met. And while no doubt the legislature considered employers and administrators to be an intricate part of the plot, it failed to provide them with a cause of action under ERISA. This tribunal is bound by that decision.

Thus, not only does the district court lack jurisdiction to decide the validity of Caterpillar's lien, but moreover the corporation does not possess the requisite standing to ask it to do so.

*Ergo,* the recommendation of the United States Magistrate is ADOPTED.

**14.** The Court is troubled by the standing analysis in *Stone,* 690 F.2d at 326, and *Whitworth,* 794 F.2d at 227 n. 7. Those decisions seem to consider the question only from a constitutional standpoint.

This cause is hereby REMANDED to the Circuit Court of Illinois, McLean County, pursuant to 28 U.S.C. § 1447(c).