**Karen PFEFFERLE, Plaintiff,**

v.

**Andrew SOLOMON, D.C., ABC Insurance Company and Abbott Laboratories, Defendants.**

No. 89–C–357.

United States District Court, E.D. Wisconsin.

Aug. 21, 1989.

Susan Rosenberg, Aiken & Mawicke, S.C., Milwaukee, Wis., for plaintiff.

Harold Laufer & Michael Dunn, Davis & Kuelthau, S.C., Milwaukee, Wis., for Abbott Laboratories.

James Pitts, Capwell, Berthelsen, Nolden, Casanova, Pitts & Kallenbach, Ltd., Racine, Wis., for Andrew Solomon and ABC Ins. Co.

## DECISION AND ORDER

WARREN, Chief Judge.

Plaintiff's Motion to Remand to State Court pursuant to 28 U.S.C. § 1447(c) is before the Court.

### I. BACKGROUND

The plaintiff Karen Pfefferle filed this malpractice suit in Circuit Court of Kenosha County against the defendant Andrew Solomon, D.C., and his malpractice insurance carrier, ABC Insurance Company, now known as National Chiropractice Mutual Insurance Company. The suit seeks damages allegedly sustained by Pfefferle as a result of Solomon's negligent care, treatment, and supervision of Pfefferle.

Pfefferle is an employee of defendant Abbott Laboratories. She resides in Kenosha, Wisconsin, but is employed at Abbott's North Chicago, Illinois plant. Abbott provides a self-insured medical, hospital, and disability benefit plan for its employees. The plan is an employee welfare benefit plan under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* It contains a subrogation clause, according to which if plan benefits are paid on account of sickness or injury caused by a third party, Abbott is subrogated to all rights of recovery against that third party to the extent necessary to reimburse the plan.

From November 25, 1988, to December 12, 1988, Pfefferle was under the treatment and supervision of Solomon. According to the plan's terms, Abbott paid, on Pfefferle's behalf, for certain medical charges arising from or related to Solomon's supervision of Pfefferle. On March 25, 1989, Abbott filed a petition for removal of Pfefferle's state court suit pursuant to 28 U.S.C. § 1441. Concurrent with the removal of the action, Abbott filed an Answer and Request for Declaratory Relief seeking a declaration as to its subrogation rights under the plan.

## II. PARTIES' ARGUMENTS

Pfefferle avers that Abbott's removal petition is frivolous because this case does not "arise under" federal law according to the requirements of 28 U.S.C. § 1331. Because Abbott was named as a necessary party according to Wis.Stat. § 803.03(2)(a), which requires the plaintiff to join claims arising by subrogation, Pfefferle argues that Abbott's claim is solely derivative, and not "affirmative." Further, Pfefferle contends that the federal Declaratory Judgment Act does not confer federal jurisdiction in this matter, because the purpose of the Act was to effect remedies available, and not to expand federal jurisdiction.

Abbott responds that Pfefferle's suit alleges a claim falling within the scope of § 1132(a) of ERISA and is therefore removable to this Court. Abbott relies on the *Avco* corollary to the well-pleaded complaint rule that Congress may so completely preempt a particular area that any civil complaint raising a select group of claims is necessarily federal in character. *Avco v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Abbott reads *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987), to state that based upon the legislative history of ERISA's civil enforcement provisions, Congress intended suits falling within § 1132(a) to "arise under" federal law under the *Avco* corollary. Abbott further alleges that Pfefferle's malpractice suits falls within the scope of both §§ 1132(a)(1)(B) and 1132(a)(3) of ERISA.

Pfefferle replies that because she makes only "affirmative" allegations against defendant Solomon, no action under ERISA lies against Abbott and thus that no federal question jurisdiction exists. She also argues that the policy consideration that ERISA employers should not be able to routinely remove personal injury actions to federal court militates against Abbott's removal petition.

## III. TAYLOR AND THE AVCO DOCTRINE

This case raises an important question regarding the interpretation of the well-pleaded complaint rule, which limits the original federal question jurisdiction of the federal courts. The issue is whether and under what circumstances removal can be based on a defendant's allegation of complete federal preemption in the context of ERISA.

 Under the well-pleaded complaint rule, jurisdiction may not be based on a plaintiff's anticipation in his complaint of a federal defense or a federal response to a possible defense. *See Louisville & N.R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). The rule applies in the removal context because 28 U.S.C. § 1441 limits removal to cases over which federal district courts would have had original jurisdiction. 28 U.S.C. § 1441(a) (1982). Preemption removal, which Abbott argues is present here under ERISA, is the concept of federal courts allowing removal based on preemption despite the fact that preemption was first raised defensively. *See Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 455, 77 S.Ct. 912, 917, 1 L.Ed.2d 972 (1957) (Labor Management Relations Act of 1947 ("LMRA") § 301 "expresses a federal policy that the federal courts should enforce [collective bargaining] agreements."). In *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968), the Supreme Court solidified preemption removal for § 301 of the LMRA, holding that a claim under that section was within the

original jurisdiction of the district court, and thus properly removed. The reasoning behind preemption removal is that where there has been federal preemption of an area of law, the complaint presents a federal cause of action. The court merely determines the nature of the plaintiff's cause of action. Because of the preemption, the complaint necessarily presents a federal cause of action, and removal thus does not violate the well-pleaded complaint rule. *See* Comment, *Federal Preemption, Removal Jurisdiction, and the Well–Pleaded Complaint Rule*, 51 U.Chi.L.Rev. 634, 650 (1984).

Abbott argues that the Supreme Court held in *Taylor* that the *Avco* doctrine, under which "if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' Federal law,"[1] applies to a complaint setting forth state law claims which fall within the scope of § 1132(a) of ERISA. *Taylor* involved a common law breach of contract action arising out of the discontinuance of disability benefits provided to a plaintiff-employee under an ERISA-governed plan. The plaintiff also asserted state law tort claims for wrongful termination of employment and wrongful failure to promote him. The Supreme Court held in *Taylor* that: (1) Under *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the plaintiff's common law contract and tort actions were preempted by ERISA, and that the lawsuit fell under 29 U.S.C. § 1132(a)(1)(B), which provides an exclusive federal cause of action for resolution of suits by beneficiaries to recover benefits from a covered plan; and (2) that common law causes of action filed in state court that are preempted by ERISA and come within the scope of § 1132(a)(1)(B) are removable to federal court under 28 U.S.C. § 1441(b), as the *Avco* doctrine applies in this situation to recharacterize a state law complaint displaced by § 1132(a)(1)(B) as an action arising under federal law, even though the defense of ERISA preemption does not ap-

pear on the face of the complaint as is required for removal by the well-pleaded complaint rule because Congress meant to so completely preempt this subject area such that any claim is necessarily federal in character; this is established by the language of § 1132's jurisdictional subsection, which closely parallels that of § 301 of the LMRA, and statements in ERISA's civil enforcement provisions' legislative history which indicate that § 1132(a)(1)(B) suits should be regarded as "arising under" federal law in the same manner as § 301 suits.

Abbott predicates the applicability of *Taylor* to this case on two contentions: (1) Although Pfefferle has not brought an action to recover benefits from Abbott pursuant to § 1132(a)(1)(B), as had the plaintiff in *Taylor*, the Supreme Court's ruling and its citations to the legislative record of ERISA leaves no doubt that the scope of the ruling extends to any action falling within the scope of § 1132, not just those under § 1132(a)(1)(B); and (2) that Pfefferle's action falls within the scope of both § 1132(a)(1)(B) and § 1132(a)(3).

A. Is Pfefferle's malpractice action a civil action within the scope of § 1132(a)(1)(B) of ERISA?

█ Abbott argues that Pfefferle's malpractice suit by its very terms calls into issue the propriety of Abbott's claim for subrogation under the plan. Section 13.15 of Abbott's self-insured plan is a subrogation clause, under which if plan benefits are paid to a third party, Abbott is subrogated to all rights of recovery against the third party necessary to reimburse the plan. The covered employee/dependent is required to execute all documents and instruments that Abbott considers necessary to secure its subrogation rights. Future benefits can be suspended until the requested documents and instruments are provided. Any action by the covered employee or dependent which prejudices Abbott's subrogation rights can void any benefits otherwise payable under the plan. *See* The Abbott Laboratories Medical Plan,

---

**1.** *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for* *Southern California*, 463 U.S. 1, 24, 103 S.Ct. 2841, 2854, 77 L.Ed.2d 420 (1983).

Appendix A to Laufer Affidavit § 13.15, p. 45. Abbott's position is that by placing in issue Abbott's subrogation claim, a resolution of the underlying tort claim in Pfefferle's favor will necessarily require a determination of the propriety of Abbott's subrogation claim. Abbott states that "[t]he suit in essence thus calls for a declaration and determination of Abbott's subrogation claim." *Abbott's Brief in Opposition to Motion to Remand to State Court* p. 7. Abbott contends that a determination of its subrogation claim will require the Court to construe and enforce the terms of the plan, clarify Pfefferle's rights to future benefits under the plan, and clarify whether Abbott is entitled to reimbursement and if so the ramifications if Pfefferle fails to reimburse the plan. As such, Abbott's position is that Pfefferle's malpractice suit is a civil action within § 1132(a)(1)(B).

This Court finds Abbott's arguments unpersuasive. That Pfefferle belongs to a plan and has brought a malpractice action which, if she is successful, will allow Abbott to be subrogated to all rights of recovery against Solomon to the extent necessary to reimburse the plan is not enough to bring Pfefferle's suit under § 1132(a)(1)(B). That section provides: "A civil action may be brought—(1) by a participant or beneficiary—(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The plain language of the statute prevails over Abbott's argument: Pfefferle's action is not to recover benefits due to her under the plan, nor to enforce her rights under the plan, nor to clarify her rights to future benefits under the plan. *See American Tobacco Co. v. Patterson,* 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982) ("[T]he legislative purpose is expressed by the ordinary meaning of the words used. Thus, absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.") Moreover, this is a court of limited jurisdiction. It may not exercise jurisdiction without a clear legislative mandate. *Pressroom Un-*

*ions–Printers League Income Sec. Fund v. Continental Assurance Co.,* 700 F.2d 889, 892 (2d Cir.), *cert. denied,* 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983).

Courts appear to agree that the jurisdictional provision of ERISA does not provide for a civil action for employers. *See Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1102 (6th Cir.1983). Title 29 U.S.C. § 1132 provides:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B).

Abbott, as an employer, does not qualify as a participant, beneficiary, or fiduciary. *See Franchise Tax Board,* 463 U.S. at 21, 103 S.Ct. at 2852 ("The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties as to whom Congress presumably determined that a right to enter federal court was necessary to further the statute's purposes."); *id.,* 463 U.S. at 27, 103 S.Ct. at 2855 ("ERISA carefully enumerates the parties entitled to seek relief under § 502 [29 U.S.C. § 1132]; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action ... on the issues in this case. A suit for similar relief by some other party does not 'arise under' that provision."). Thus, Abbott does not have jurisdiction to sue. *See In re Estate of Sheppard,* 658 F.Supp. 729, 731–36 (C.D. Ill.1987) (employer asserts lien on settlement proceeds through an alleged right of subrogation contained in the ERISA governed insurance policy; because employer could not maintain an action under ERISA in the district court to enforce its lien, it may not remove action from state court); *see also Nationwide Mut. Ins. v. Teamsters Health, etc.,* 695 F.Supp. 181, 184 (E.D.Pa.1988) (subrogated automobile insurer lacked standing under ERISA to sue fund in which its insured was a participant;

ERISA only allows participants and beneficiaries to sue).

Other courts have considered and rejected arguments analogous to Abbott's that the subrogation analysis is a basis for jurisdiction under § 1132(a)(1)(B). *See Allstate Ins. Co. v. The 65 Security Plan*, 879 F.2d 90 (3d Cir.1989) (rejects insurer's claim that its right to subrogation constitutes a suit under § 1132(a)(1)(B)); *Northeast Dept. ILGWU v. Teamsters Local Un. No. 229*, 764 F.2d 147, 154 n. 6 (3d Cir.1985) (ERISA plan sued another claiming contribution and indemnity for benefits it had paid to a participant of both plans; court rejects subrogation theory, reasoning that "Congress simply made no provision in § 1132(a)(1)(B) for persons other than participants and beneficiaries to sue, including persons purporting to sue on their behalf."). This is a chiropractic negligence action that only concerns the plan in that the possibility exists for Abbott to recover any monies that Pfefferle may recover from Solomon. None of the courts that have interpreted § 1132(a)(1)(B) have ruled that a subrogated employer, joined by the necessity of a state statute, can remove a state action to federal court. The independent corollary to the well-pleaded complaint rule of complete preemption, as, for example the Supreme Court ratified in *Avco*, is not present through § 1132(a)(1)(B), because the employer is not able to bring suit under that statute.

### B. Is Pfefferle's malpractice action a civil action within the scope of § 1132(a)(3) of ERISA?

█ Abbott also contends that by "in essence" seeking a declaration and determination of Abbott's subrogation rights, Pfefferle has brought an action falling within the scope of § 1132(a)(3). Title 29 U.S.C. § 1132(a)(3) provides:

A civil action may be brought— ... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Abbott apparently argues that its request for a declaration as to its subrogation rights under the plan filed concurrently with the removal petition, although procedural in nature, should be characterized as equitable, and thus that it falls within § 1132(a)(3), necessitating the removal of this action from state court.

This Court begins again with the well-pleaded complaint rule. Because the plaintiff is master of its own claim and can choose to keep its suit in state court if its well-pleaded complaint does not affirmatively rely on federal law, it follows that a case may not be removed to a federal court on the basis of a federal defense, including one that the state law relied upon by the plaintiff has been preempted by federal law and that relief can be had, if at all, only under federal law. *Allstate Ins. Co. v. The 65 Security Plan*, 879 F.2d at 93. The issues presented here are whether Congress has so completely preempted this area that any civil action raising Pfefferle's claim is necessarily federal in character, and also whether Abbott's Answer and Request for Declaratory Relief brings this action out of state court and into this Court.

#### 1. § 1132(a)(3) Contention

Abbott's contention fails for the same reasons as above regarding § 1132(a)(1)(B). As an employer, Abbott does not qualify as a participant, beneficiary, or fiduciary. *See Franchise Tax Board*, 463 U.S. at 21, 103 S.Ct. at 2852; *id.*, 463 U.S. at 27, 103 S.Ct. at 2855. *See also Midwest Operating Engineers Welfare Fund v. Uphoff*, 1988 WESTLAW 74736 (N.D. Ill., July 13, 1988) (ERISA plan's suit denied; § 1132(a)(3) refers only to equitable relief for violations of ERISA or the terms of a plan, and a claim based on a subrogation agreement "may not be a claim for a violation of the 'terms of the plan.'" (p. 2)); *City Nat. Bank v. Chase Manhattan Bank*, 714 F.Supp. 927 (N.D. Ill.1989).

#### 2. *Declaratory Judgment Contention*

Abbott also apparently argues that because it has answered with a request for

declaratory relief, this suit falls under § 1132(a)(3), as Pfefferle is seeking an equitable determination under the plan. The same analysis that prevents removal above does so here. Abbott's answer could not rise to the level of allowing removal from state court because as an employer, Abbott does not qualify as "a participant, beneficiary, or fiduciary" under § 1132(a)(3). *See Hickey v. Duffy,* 827 F.2d 234, 239 (7th Cir.1987); *FDIC v. Elefant,* 790 F.2d 661, 667 (7th Cir.1986). Its declaratory judgment argument would appear to fail even if Abbott did qualify under the statute. *See Transamerica Occidental Life Ins. Co. v. DiGregorio,* 811 F.2d 1249, 1251–53 (9th Cir.1987).

## IV. CONCLUSION

Abbott's contention that Pfefferle's suit alleges a claim falling within the scope of § 1132(a) of ERISA and is therefore removable to this Court is incorrect. Abbott relies on the *Avco* corollary to the well-pleaded complaint rule that Congress may so completely preempt a particular area that any civil complaint raising a select group of claims is necessarily federal in character. Abbott reads *Taylor* to state that based upon the legislative history of ERISA's civil enforcement provisions, Congress intended suits falling within § 1132(a) to "arise under" federal law under the *Avco* corollary. An examination of the relevant case law and facts has revealed, however, that Pfefferle's malpractice suit does not fall within the scope of §§ 1132(a)(1)(B) or 1132(a)(3) of ERISA. ERISA's complete preemption under *Taylor* is thus inapplicable. For these reasons, this Court GRANTS plaintiff's motion to remand to state court. This case is REMANDED to the Circuit Court for Kenosha County, Wisconsin, the Honorable David M. Bastian presiding, because of lack of subject matter jurisdiction.

SO ORDERED.