Gary **HEDBERG**, a minor by Martha Alice **BOURSAW**, his mother and next friend, Plaintiff,

v.

Raul A. **ZALDIVAR**, Savings of America, Inc., a California Corporation and Health Cost Controls, Defendants.

No. 94 C 1117.

United States District Court, N.D. Illinois, E.D.

Feb. 25, 1994.

**570**

William Gorey, for Hedberg by Boursaw.

James Merriman, for HCC.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

At least from the very limited evidence known to this Court (a sum total of two cases), Health Cost Controls ("HCC") appears to be a "federal courtophile"—it seems to try to gain access to the federal court system every chance that. it gets. Just a month ago this Court was compelled to reject HCC's attempt to file a case in this District Court (*Health Cost Controls v. Skinner,* 845 F.Supp. 567 (1994)) on the ground that subject matter jurisdiction was lacking—that is, HCC was found to have no standing as a "fiduciary" to bring such an action under the Employee Retirement Income Security Act ("ERISA").

This case, which has been brought to this District Court by HCC via a Notice of Removal ("Notice") from the Circuit Court of Cook County, Illinois (Case No. 93 M4–2061), poses the jurisdictional issue in somewhat different garb. But the result is the same: HCC has impermissibly invoked ERISA as its ticket of entry to the federal court.

In the Circuit Court lawsuit, minor Gary Hedberg ("Hedberg") had been injured when his bicycle was struck by an automobile. Hedberg, acting through his mother and next friend Martha Alice Boursaw ("Boursaw"), sued the automobile's driver Raul Zaldivar ("Zaldivar") and Savings of America, Inc. ("SOA"), the owner of the property where the accident occurred.

After a settlement of that action had been agreed upon by the parties subject to court approval (such approval was required because of Hedberg's minority status), HCC (acting on behalf of HMO Illinois) notified the Hedberg–Boursaw attorney that it claimed a lien on the proceeds of settlement because HMO Illinois as Boursaw's insurer had paid medical bills incurred as the result of Hedberg's injuries. HCC asserted that lien under the subrogation provision of a health benefit plan pursuant to which HMO had paid the bills. Hedberg–Boursaw then moved that the Circuit Court enter an order adjudicating and striking the claimed lien, citing Illinois case law that holds:

1. that a parent's insurer that pays medical bills on behalf of a minor has no subrogation rights against a settlement between the child's estate and the responsible tortfeasors; and

2. that ERISA (which HCC had advanced to urge the preemption of Illinois law to the effect stated in the preceding paragraph) did not preempt such state law prohibiting a health care plan from asserting a lien via subrogation.

HCC now seeks to use the Hedberg–Boursaw motion as a springboard for its removal of the action to this District Court.[1]

This opinion can pass over for present purposes two questions that bear on HCC's ability to invoke the removal procedure:

1. Does its receipt of notification of the Hedberg–Boursaw motion to adjudicate HCC's claimed subrogation lien, in an action in which it is not named as one of the

---

**1.** HCC has moved to amend its Notice on an emergency basis by attaching exhibits to the Hedberg–Boursaw Circuit Court motion—documents that HCC had inadvertently omitted from the papers that it attached to the Notice. This Court has no problem with that motion on timeliness grounds, given the provisions of 28 U.S.C. § 1653. It therefore grants the motion.

parties, qualify it as a "defendant" within the meaning of 28 U.S.C. §§ 1441(a) and 1446(a)?[2]

2. If that question is answered "yes,"[3] is it entitled to bring removal proceedings on its own, even though the Section 1441(a) and 1446(a) references to "defendant or defendants" are uniformly construed—absent limited special circumstances—to require *all* defendants to join in the removal (see, e.g., *Northern Ill. Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272–73 (7th Cir.1982) and cases cited there)?[4]

Even assuming that HCC were to pass both of those preliminary tests, its right to bring the case to this District Court must still depend on its having an ERISA-based right to assert its subrogation lien. This opinion therefore turns to that question.

Unfortunately for HCC, for analytical purposes its attempted removal of this action is no different at its core from HCC's attempt to sue on identical subrogation grounds last month in *Skinner*. After all, HCC's resistance to the Hedberg–Boursaw motion in this case is substantively identical to HCC's effort in *Skinner* to collect its lien claim as a "fiduciary" under 29 U.S.C. § 1132(a)(3) (part of the ERISA statute). And it must be remembered that *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), which allows the removal of state law claims on ERISA preemption grounds even where the federal issue does not appear on the face of the complaint, necessarily depends on the existence of an ERISA-based right on the defendant's part.

Accordingly what this Court stated in its *Skinner* opinion applies here with equal force. By asserting its claimed lien against the settlement proceeds, HCC is looking for contractual reimbursement by way of money damages—and that remedy is the antithesis of equitable relief. This Court has already explained in *Skinner* that equitable relief is the only kind of remedy that is available to fiduciaries under ERISA's § 1132(a)(3). That lack of an ERISA-based claim spells doom for HCC's removal of this action, just as the same lack spelled doom for HCC's original action in *Skinner*.

That being the case, it plainly "appears that the District Court lacks subject matter jurisdiction" (Section 1447(c)), so that the same statutory provision mandates the remand of this action to the Circuit Court of Cook County. It is so ordered. And because no reason appears to justify delaying such remand, the Clerk of Court is directed to mail the certified copy of the remand order forthwith (see this District Court's General Rule 30(B)).

---

**2.** Further citations to Title 28 provisions will simply take the form "Section —."

**3.** Of course a "no" answer would end the matter, requiring that the case be remanded on jurisdictional grounds.

**4.** For the proposition that it may act alone, without Zaldivar and SOA, HCC cites *Roe v. Little Co. of Mary Hosp.*, 815 F.Supp. 241, 243 (N.D.Ill. 1992). Indeed, there is even more prestigious authority for part of the conclusion that was reached in *Roe:* the Supreme Court's decision in *American Nat'l Red Cross v. S.G.*, — U.S. —, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992). But in any event those cases, which were specifically grounded on the Red Cross' special charter conferring federal jurisdiction, do not necessarily support HCC's right to proceed without the joinder of Zaldivar and SOA. Where the asserted basis of federal jurisdiction is rather a general federal question (which thus confers jurisdiction under Section 1331), the cases do *not* generally abandon the requirement that all defendants must join in the notice of removal—at least unless the federal-question party is the subject of a separate and independent claim under Section 1441(c). That issue need not be explored further, though, because HCC's attempted removal fails in all events.