Renee A. GRUSZNSKI, Plaintiff,

v.

VIKING INSURANCE COMPANY, the United Furniture Workers Insurance Fund, and Nemschoff Chairs, Inc., Defendants.

Civ. A. No. 94–C–0263.

United States District Court, E.D. Wisconsin.

June 8, 1994.

---

Mark E. Rudolph, Rudolph, Rudolph & Rudolph, Elm Grove, WI, for plaintiff.

Alvin Ugent, Podell, Ugent & Cross, Milwaukee, WI, Eric R. Greene, Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, for defendants.

## DECISION AND ORDER

REYNOLDS, District Judge.

On March 3, 1994, defendant United Furniture Workers Insurance Fund (the "Fund") removed this case to this court from the Circuit Court of the State of Wisconsin, County of Milwaukee. The plaintiff, Renee Grusznski ("Grusznski"), alleges that she was injured when a negligently driven automobile in which she was a passenger crashed. Grusznski has sued the driver's insurer, Viking Insurance Company ("Viking") for affir-

mative relief. Pursuant to Wis.Stat. § 803.-03[1] necessary joinder rules, Grusznski has also named Grusznski's employer, Nemschoff Chairs, Inc. ("Nemschoff"), and Grusznski's employee welfare benefit plan, the Fund, and has requested a declaration of the Fund's subrogated interests. Although Grusznski has alleged "doubt as to whether or not the Fund [and Nemschoff were] truly subrogated or interested in this action," (Compl. ¶¶ 7–8), Grusznski has not disputed that the Fund has processed certain of her claims relating to the accident or that she is a participant in an employee welfare benefit fund under ERISA.

Presently before this court is Grusznski's March 28, 1994 motion to remand this action to the Milwaukee County Circuit Court on the grounds that this court lacks subject matter jurisdiction over the case. Only the Fund has opposed this motion. For the reasons which follow, the court grants Grusznski's motion to remand.

### ANALYSIS

As a preliminary matter, the court notes, *sua sponte*, that the Fund's petition for removal is flawed because there are three defendants in this case, and only the Fund has petitioned for removal. The petition does not indicate that this case presents an exception to the general rule that all of the defendants must join in a petition for removal. *See In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 711 (7th Cir.1992); *Northern Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir.1982); *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. 1074 (E.D.Wis.1993). Nevertheless, it is possible that the Fund might be able to correct this flaw even though more than the statutory limit of thirty days has passed since the Fund was served with the state court complaint. *See Northern Ill. Gas*, 676 F.2d at 273; 28 U.S.C. § 1447(c).

The court shall remand for lack of subject matter jurisdiction, for the fact that the case may require a determination and declaration of the Fund's subrogation claim is not enough to bring Grusznski's suit into federal court under ERISA. If a federal court would not have had original jurisdiction over a case which has been removed to it from a state court, the federal court must remand the case. 28 U.S.C. § 1441(a). Grusznski argues that this action should be remanded to state court because this court lacks subject matter jurisdiction[2] over what Grusznski characterizes as a "plain vanilla" personal injury action with a tangential subrogation claim by an ERISA provider. (Pl.'s May 2, 1994 Mem. at 1.) The Fund, on the other hand, characterizes Grusznski's complaint as an action which solely seeks a determination of an ERISA plan participant's rights under the subrogation provision of the plan, and argues that the case thus states a claim under § 502(a) of ERISA, 29 U.S.C. § 1132(a), and therefore may be removed pursuant to 28 U.S.C. § 1441(a). 29 U.S.C. § 1132(e)(1). (Fund's Apr. 18, 1994 Mem. at 4; Feb. 23, 1994 Pet. for Removal.)

The Fund makes two arguments in support of its resistance to remand. First, the Fund asserts that Grusznski's complaint raises a claim which is necessarily federal under ERISA preemption principals. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987); *Lister v. Stark*, 890 F.2d 941, 943 (7th Cir.1989), *cert. denied*, 498 U.S. 1011, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990). Second, the Fund appears to contend that even if the complaint does not raise an ERISA claim, the Fund has standing to bring its counterclaim for subrogation into federal court. The court finds both arguments unpersuasive, and agrees with a number of decisions from the district courts of this circuit which have rejected similar arguments. *See, e.g., Pfefferle v. Solomon*, 718 F.Supp. 1413 (E.D.Wis.1989); *In re Estate of Shep-*

---

1. Grusznski named these defendants as necessary parties under Wis.Stat. § 803.03(2)(a). Wis. Stat. § 803.03(2) states in relevant part that:

   A party asserting a claim for affirmative relief shall join as parties to the action all persons who at the commencement of the action have claims based upon subrogation to the rights of the party asserting the principal claim, derivation from the principal claim, or assignment of part of the principal claim.

2. The Fund does not argue that the court has diversity jurisdiction over this case; hence this court will therefore discuss only the federal question issue.

pard, *658 F.Supp. 729, 733 (C.D.Ill.1987)*; Hedberg by Boursaw v. Zaldivar, *845 F.Supp. 569 (N.D.Ill.1994)*.

■ Grusznski has not made a claim which is on its face based upon ERISA. Her affirmative claim for monetary relief is against Viking, not the Fund or her employer. She asserts that she named the Fund out of necessity of state law, seeking only a declaration of the Fund's subrogation interest. The Fund appears to argue that this claim for a declaration states a cause of action for equitable relief under 29 U.S.C. § 1132(a)(3), which provides:

> A civil action may be brought ... by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate *equitable relief:* (i) to redress such violations or (ii) *to enforce any provisions of this title or the terms of the plan.*

*Id.* (emphasis added). Grusznski's request for a declaration of the Fund's subrogation rights is not an equitable claim seeking to redress a violation or to enforce the terms of the plan. *See Pfefferle,* 718 F.Supp. at 1419; *Transamerica Occidental Life Ins. Co. v. Digregorio,* 811 F.2d 1249, 1251–53 (9th Cir. 1987); *see also Hedberg,* 845 F.Supp. 569. Grusznski has asked for a clarification of the subrogation term, not for its enforcement, and has not stated a claim under § 1132(a)(3). *See Transamerica,* 811 F.2d at 1252.

Nor has Grusznski stated a claim under 29 U.S.C. § 1132(a)(1)(B), which allows a participant or beneficiary:

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, *or to clarify his rights to future benefits under the terms of the plan.*

(emphasis added). The court finds this section inapplicable to Grusznski's claim as well, for that which Grusznski seeks to clarify is not her "right to future benefits," but the Fund's right to some or all of any money she may recover against Viking.

■ Thus, Grusznski's complaint does not raise a claim under ERISA for which this court has jurisdiction upon removal. Gruszn-ski's negligence claim is not preempted by ERISA. The court is further persuaded in this issue by the decision of another court in this district in a similar factual scenario. *Pfefferle,* 718 F.Supp. 1413.

In *Pfefferle,* an alleged victim of chiropractic malpractice filed a negligence suit in state court against the chiropractor and his malpractice insurance carrier. 718 F.Supp. 1413. The plaintiff's employee welfare benefit plan under ERISA contained a subrogation clause, according to which the employer was subrogated to all rights of recovery against a third party if plan benefits had been paid on account of injury or sickness caused by that third party. *Id.* at 1414. So the plaintiff in *Pfefferle* named her employer as a necessary party under Wis.Stat. § 803.-03(2)(a), just as Grusznski named Nemschoff and the Fund. *See id.* at 1415. The employer in *Pfefferle* then filed a petition for removal to federal court, and filed a request for a declaration as to its subrogation rights under the plan. *Id.*

The district court in *Pfefferle* remanded the case to state court, finding that the plaintiff's malpractice suit was not preempted by ERISA and that the subrogated employer, joined by necessity of state statute, could not remove the state action to federal court in spite of the fact that the employer would be subrogated to all rights of recovery against the chiropractor to the extent necessary to reimburse the plan. *Id.* at 1416–17. The result is the same in the case at bar.

■ *Pfefferle*'s analysis also thwarts the Fund's argument that its affirmative counterclaim for subrogation against any recovery Grusznski might obtain from Viking Insurance gives the Fund standing to remove the case from state court. In *Pfefferle,* the court found that the employers' request for a declaration as to its right to be subrogated to the plaintiff's recovery against the chiropractor was not within the scope of ERISA's § 1132(a)(3) or § 1132(a)(1)(B), because the employer was not a participant, beneficiary, or (for purposes of § 1132(a)(3)) a fiduciary under ERISA. Hence, the court found that it had no federal subject matter jurisdiction. *Id.* at 1417–18; *accord In re Estate of Sheppard,* 658 F.Supp. 729 (plaintiff's state petition requesting declaratory judgment that

ERISA plan was of no force against a settlement in a tort action not removable because employer was not a beneficiary, participant, or fiduciary).

The Fund attempts to distinguish *Pfefferle* and *Sheppard* by stating that the Fund itself is a fiduciary[3] and has standing to seek enforcement of its plan documents in federal court pursuant to Section 1132(a)(3). First, the court doubts that the Fund, which is a self-proclaimed self-insured ERISA plan established for a self-insured employer, is also a plan fiduciary as the term is defined by Title 29 U.S.C. § 1002. However, even if it were a fiduciary, § 1132(a)(3) only allows fiduciaries to bring *equitable claims.* Here, the Fund is looking for monetary reimbursement—"the antithesis of equitable relief." *Hedberg,* 845 F.Supp. 569; *see also Transamerica,* 811 F.2d at 1251–53. The lack of an ERISA-based claim, therefore, foils the Fund's attempt to remove this action.

■ In deciding that the Fund cannot remove this case to federal court, this court is aware that in a 1992 case—not cited by either party in this action—the Seventh Circuit affirmed a district court's assertion of subject matter jurisdiction over a personal injury suit in somewhat similar circumstances as the case presented here. *Shannon v. Shannon,* 965 F.2d 542, 546 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 677, 121 L.Ed.2d 599 (1992). In that case, which the plaintiff filed in state court, a plan intervened to assert a subrogation and reimbursement claim, and the plaintiffs counterclaimed against the plan for termination of payments, after which the plan removed the case to federal court. *Id.* at 546. The Seventh Circuit affirmed the district court's jurisdiction stating, in relevant part, that the plan's subrogation claim "more than likely invoked ERISA, preemption-based removal," but if it did not, the plaintiffs' counterclaims against the plan "surely did." *Id.* This court finds that *Shannon*'s holding is limited to circumstances in which the plaintiff has made a claim for benefits or otherwise claimed for relief cognizable under ERISA, and that the *dicta* in the opinion is not a broad mandate for the ERISA plans, like the Fund in this case, to remove negligence cases to federal court simply because the plans have alleged

subrogation rights. *See Estate of Sheppard,* 658 F.Supp. at 733.

For all of the foregoing reasons:

**IT IS THEREFORE ORDERED** that Grusznski' motion to remand is GRANTED and this case is remanded to the Milwaukee County Circuit Court.

---

**3.** The Fund cites *Bromenn Healthcare v. Northwestern Nat'l Life Ins. Co.,* 806 F.Supp. 799 (C.D.Ill.1992); *Ampere Automotive Corp. v. Employee Benefit Plans, Inc. and EBP Life Ins. Co.,* slip op. 92–2580, 1992 WL 220912 (N.D.Ill. Aug. 31, 1992).