**John D'ONOFRIO, Doctor of Chiropractic, Plaintiff,**

v.

**TRAVELERS INSURANCE COMPANY, Defendant.**

No. LR–C–87–292.

United States District Court, E.D. Arkansas, W.D.

June 16, 1987.

---

Steven R. Davis, North Little Rock, for plaintiff.

Friday, Eldredge & Clark, Barry E. Coplin, Little Rock, for defendant.

### ORDER

HENRY WOODS, District Judge.

Three motions are now pending before the court. The plaintiff, Dr. John D'Onofrio, moves to amend this cause to the Circuit Court of Pulaski County, Arkansas. The plaintiff's attorney, Steven R. Davis, moves to be relieved as plaintiff's counsel and the defendant, Travelers Insurance Company, moves to dismiss.

The plaintiff, John D'Onofrio, Doctor of Chiropractic, filed suit in the Circuit Court of Pulaski County, Arkansas to recover sums allegedly due for chiropractic services rendered to Bobby Moore and Cleo Moore, husband and wife. The plaintiff claims that the Moores were participants in a group health policy issued by the defendant, Travelers Insurance Company (Travelers) and that an assignment was executed allowing Travelers to pay benefits directly to the plaintiff. The plaintiff further claims that the Travelers wrongfully refused to pay sums due upon demand and prays for attorney fees, pursuant to Ark.

Stat.Ann. § 66–3238, in addition to the sums due.

The Travelers filed a motion to dismiss in the state court based upon the preemption provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA). The Travelers first pointed out that it does not insure the Moore's employer, Arkansas Power & Light, but rather administers AP & L's self-insured health benefits plan developed pursuant to ERISA. Because AP & L's plan is regulated by ERISA, the Travelers argued that the plaintiff's state law claims are preempted by federal law and should be dismissed. However, before the state court could rule on this motion the Travelers removed the case to this court pursuant to 28 U.S.C. § 1441(b) as a federal question under 28 U.S.C. § 1331. The plaintiff contends that this court is without jurisdiction and prays for remand. The Travelers moves for dismissal.

### I. *Removal Jurisdiction*

In two recent companion cases the Supreme Court addressed questions concerning preemption of state law under ERISA, and removability of those state law claims that are within the scope of ERISA's civil enforcement provisions. In the first case the court held that state common law causes of action asserting improper processing of a claim for benefits under an employee benefit plan regulated by ERISA are preempted by ERISA. *Pilot Life Insurance Co. v. Dedeaux,* — U.S. —, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The companion case expanded on the reasoning in *Pilot Life,* holding that common law claims are not only preempted by ERISA, but are also displaced by ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B), to the extent that complaints filed in state court purporting to plead state common law causes of action are removable to federal court under 28 U.S.C. § 1441(b) as actions "arising under the laws of the United States." *Metropolitan Life Insurance Co. v. Taylor,* — U.S. —, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

The plaintiff here, an assignee of the beneficiary of an ERISA regulated plan, has sued on a common law breach of contract theory for alleged failure of the Travelers to pay sums due under the plan.[1] Necessarily this claim is within the scope of ERISA's civil enforcement scheme, specifically 29 U.S.C. § 1132(a)(1)(B), and therefore is a suit arising under the laws of the United States. *Metropolitan Life Insurance Co. v. Taylor,* —— U.S. at ——, 107 S.Ct. at 1544. As such, this case is properly removable to federal court. *Id.*

Accordingly, the court finds that it has jurisdiction in this matter pursuant to 25 U.S.C. §§ 1331 and 1441(b), and that the plaintiff's motion for remand should be, and is hereby denied.

## II. *The Remaining Motions*

For good cause shown the motion of the plaintiff's attorney, Steven R. Davis, to be relieved as counsel is granted. The plaintiff shall notify the court, within twenty (20) days of this order, either that new counsel has been retained or that this case will be prosecuted *pro se.* Failure to so notify the court will result in a dismissal without prejudice.

Because the question, whether this case will remain before the court, is contingent on the plaintiff's actions as described above, ruling on the merits of the Travelers' motion to dismiss will be deferred.

---

1. The plaintiff made the argument in his brief that this case is not removable because the complaint is based on Ark.Stat.Ann. § 66–3212(6), an insurance regulating statute not subject to the preemption provisions of ERISA. However, the plaintiff did not plead this statute as the basis for his action, nor can it be reasonably inferred from the complaint that his action was

so based. Accordingly, the court will not address this argument.