**George E. GREEN, Plaintiff,**

v.

**EASTERN AIRLINES, etc., Defendant.**

**No. 90–1520–CIV–T–17(A).**

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 8, 1991.

Harry Miller Hobbs, Tampa, Fla., for plaintiff.

Edward Kuchinski, William F. Hamilton, Holland & Knight, Tampa, Fla., William F. Hamilton, Holland & Knight, Miami, Fla., for defendant.

### ORDER ON MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to dismiss for failure to join indispensable parties filed June 3, 1991 and response thereto filed June 20, 1991.

Defendant states that Jennifer Jill Hughes (Hughes) and Pension Benefit Guaranty Corporation (PBGC) are indispensable parties to this action. Defendant claims that Hughes is an indispensable party because she is receiving the benefits under the pension plan that Plaintiff claims he is entitled to. Defendant claims that PBGC is an indispensable party because they are the Plan administrator.

The first issue is whether Hughes is an indispensable party to this action. Rule 19, Fed.R.Civ.P., provides in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if ... (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest....

Therefore, under Rule 19, a court shall join a party to the action if "the person claims an interest relating to the subject of the action" and failure to join would "impair or impede the person's ability to protect that interest...."

Hughes falls within the purview of Rule 19. She is currently receiving her mother's, Ms. Lois M. Green, benefits under Eastern Airlines Variable Benefit Retirement Plan. The receipt of those benefits is the subject of this action. Plaintiff claims that he is entitled to these benefits. Hence, if this Court finds in favor of the Plaintiff, then Hughes will lose the right to continue to receive the benefits under the Variable Benefit Plan. Consequently, failure to join Hughes as a party to this action would "impair or impede" her ability to protect her interest in the Variable Benefit Plan which is the subject of this action.

Under Rule 19, the next consideration is whether Hughes is subject to service of process. Hughes would be subject to service of process under the Employee Retirement Income Security Act's (ERISA) service of process provision. Section 1132(e)(2) of the Act provides that "... process may be served in any other district where a defendant resides or may be found." 29 U.S.C.A. § 1132.

The last consideration under Rule 19 is whether joinder of Hughes would deprive this Court of jurisdiction over the subject of this dispute. Subject matter jurisdiction in this case is based on federal statute, 29 U.S.C.A. § 1132(e)(1). Therefore, joinder of Hughes as a party to this action will not deprive this Court of jurisdiction.

This Court, after considering the record and memoranda, finds that Hughes is an indispensable party to this action.

The second issue is whether PBGC is an indispensable party to this action. Plaintiff seeks to recover benefits due him under Eastern Airlines' Fixed and Variable Benefit Plans. Defendant claims that Eastern Airlines is not the current administrator of neither the Fixed nor Variable Benefit Plans. The United States District Court in Maryland has held that "... the administrator [of the pension plan] is the proper party, not the employer, unless the employer has controlled or influenced the administrator's decisions in regard to awarding pension benefits." *Reynolds v. Bethlehem Steel Corp.*, 619 F.Supp. 919 (D.C.Md.1984).

Defendant claims and Plaintiff does not deny that PBGC is the current administrator. Plaintiff has produced no evidence on the record that Eastern has controlled or influenced the plan administrator's decision to award pension benefits to Hughes. Therefore, PBGC, as the Plan administrator, is the proper party to this action.

Further, the Ninth Circuit held that anyone with legal responsibility to meet any Plan liability must be joined as a defendant. *Yeseta v. Baima*, 837 F.2d 380 (9th

Cir.1988). If the Plaintiff is successful in this action, then the PBGC, as the Plans administrator, will be liable for the judgment. Therefore, the Court finds that PBGC is an indispensable party to this action. Accordingly, it is

ORDERED that Eastern Airlines' Motion To Dismiss for Failure to Join Indispensable Parties is GRANTED and the Plaintiff's Amended Complaint is dismissed without prejudice. Plaintiff shall have twenty (20) days from the date of this order to join Hughes and PBGC as parties to this action. If the Plaintiffs fails to comply with this order, then this action shall be dismissed with prejudice.

DONE AND ORDERED.