**INDEPENDENT COMMUNITY BANKERS OF SOUTH DAKOTA, INC., a South Dakota Non–Profit Corporation, with its principal office at Pierre, Hughes County, South Dakota, Plaintiff,**

v.

**UNITED OF OMAHA LIFE INSURANCE COMPANY, a Nebraska Corporation, with its principal office at Mutual of Omaha Plaza, Omaha, Nebraska, Defendant.**

Civ. No. 93–3036.

United States District Court,
D. South Dakota,
Central Division.

Dec. 21, 1994.

---

**2.** Upon initiating a *qui tam* action, the relator must serve upon the government a "written disclosure of substantially all material evidence and information." 31 U.S.C. § 3730(b). Any need asserted by MDC for that document to support the unsealing of the file is irrelevant as such a document was never filed with the Court. The Court need not address the discoverability of the written disclosure at this time.

Ronald G. Schmidt, Pierre, SD, for Plaintiff.

Carleton R. Hoy and James L. Hoy, Sioux Falls, SD, for Defendant.

## ORDER

BOGUE, Senior District Judge.

The Court currently has before it defendant's motion for summary judgment on plaintiff's state law claims. All matters have been fully briefed and the Court is prepared to rule without the benefit of oral argument. To the extent that requests for oral argument were made, said requests are denied.

## BACKGROUND

The facts of this lawsuit are fairly complicated and will not be extensively reproduced in this order. Plaintiff is a trade organization formed in 1983. One of the functions of the association is to procure group insurance for its member banks and their employees at competitive prices. Defendant was the group insurer for the plaintiff in 1991 and 1992. Five policies were initially issued, including coverage for life and accidental death, medical, dental, prescription drugs, and long-term disability. All policies but the long-term disability policy were subject to an "experience rating rider" which provided that combined policy surplus was to be returned to the policyholder at the end of the policy year or after cancellation.

Among other things, plaintiff claims a $333,910 refund due for 1990 was improperly converted by Eugene Kent, allegedly acting as an agent of the defendant. Kent initially put the parties together and continued to perform significant administrative duties regarding the policies. The parties dispute in whose behalf Kent was acting, but it is clear that his misconduct in large part has led to the current lawsuit. Plaintiff also alleges misconduct on behalf of the defendant once the defendant became aware of Kent's defalcations.

## DISCUSSION

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law." *Jane Doe A v. Special School Dist. of St. Louis County*, 682 F.Supp. 451 (E.D.Mo.1988), citing *Poller v. Columbia Broadcasting, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the

nonmoving party and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588–88, 106 S.Ct. 1348, 1357–57, 89 L.Ed.2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the underlying substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The Supreme Court has noted that summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are "designed to secure the just, speedy, and inexpensive determination of every action." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356.

■ Plaintiff's complaint alleges, *inter alia,* seven counts against the defendant based on state law. These include breach of contract, accounting, implied covenant of good faith and fair dealing, deceit, negligent misrepresentation, negligence and gross negligence, and punitive damages. Defendant has moved for summary judgment as to the state law claims based on the preemptive effect of the federal Employee Retirement Income Security Act of 1974 (ERISA). The Court is persuaded that ERISA preempts the plaintiff's state law claims and therefore the defendant's motion shall be granted.[1]

ERISA's preemption clause provides that ERISA "shall supersede any and all state laws insofar as they ... relate to any employee benefit plan" regulated under ERISA. 29 U.S.C. § 1144(a). "State law" is defined within the Act as "all laws, decisions, rules, regulations, or other State action having the effect of law." 29 U.S.C. § 1144(c)(1). Plaintiff contends that the "savings clause" portion of the ERISA preemption scheme allows their state law claims to escape preemption. The savings clause provides that "nothing in this title shall be construed to exempt or relieve any person from any law of any state which regulates insurance ..." 29 U.S.C. § 1144(b)(2)(A). In general, ERISA provides that if a state law "relate[s] to ... employee benefit plan[s]," it is pre-empted.[2] The saving clause excepts from the pre-emption clause laws that "regulat[e] insurance."

Plaintiff asserts that the state common law causes of action, despite their relation to an employee benefit plan, are based on laws which "regulate insurance" and are thus saved from ERISA preemption.

In *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court was asked to determine whether ERISA preempted state common law tort and contract actions asserting improper processing of a claim for benefits under an employee benefit plan. The Court used a two-step analysis to determine whether a state law (in that case actions sounding in tortious breach of contract and Mississippi's law of bad faith) fell under ERISA's saving clause. First the court looked for guidance from a "common-sense view" of the language of the saving clause. *Pilot Life,* 481 U.S. at 47, 107 S.Ct. at 1553, citing *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1955).

1. Defendant has moved for partial summary judgment "regarding Counts I through VIII of Plaintiff's Amended Complaint." While the plaintiff's first seven counts are all affirmative causes of action based on state law, count eight is styled "class action." The following discussion regarding pre-emption relates exclusively to the first seven counts of plaintiff's amended complaint. It appears that no order has been requested nor issued regarding the propriety of maintaining this case as a class action. See Fed.R.Civ.P. 23(c)(1). Given the late date and imminent trial, it appears that plaintiff has abandoned this theory.

2. It is obvious that all aspects of plaintiff's lawsuit "relate to" an employee benefit plan, therefore this issue will not be discussed. The only question which remains is whether the saving clause serves to permit plaintiff's state law claims to avoid preemption.

Next the court sought to determine whether the state law related to the "business of insurance" as determined under the following three criteria: (1) whether the particular practice has the effect of transferring or spreading a policyholder's risk; (2) whether the practice is an integral part of the policy relationship between the insurer and the insured; and, (3) whether the practice is limited to entities within the insurance industry. *Id.*[3]

The Mississippi actions in question in *Pilot Life* failed both prongs of the analysis. Importantly, the court stated that "a common-sense view of the word 'regulates' would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry." *Id.*, 481 U.S. at 49, 107 S.Ct. at 1554. While the various state law counts asserted in the present plaintiff's complaint undoubtedly have been urged in insurance contexts, they can hardly be said to be "specifically directed toward the insurance industry." As was the case in *Pilot Life*, the roots of the state law counts presently raised are "firmly planted in the general principles" of South Dakota tort and contract law. *Id.*

Additionally, the three factors used to determine whether a law regulates the business of insurance argue against enlisting the saving clause in the present case. The state common law actions do not effect a spreading of policyholder risk. These actions further present a connection to the insurer-insured relationship which is "attenuated at best." Finally, as noted previously, the state law allegations, while at times directed toward insurers, have developed from general principles of tort and contract law and are available in any civil action where the facts dictate.

The Eighth Circuit has noted the breadth of ERISA's preemption clause on numerous occasions and has consistently held the clause serves to pre-empt claims arising under state law. See e.g., *Kuhl v. Lincoln Nat. Health Plan*, 999 F.2d 298 (8th Cir.1993)

(intentional infliction of emotional distress, medical malpractice, breach of contract and intentional interference with contract rights); *Consolidated Beef Industries v. New York Life Ins.*, 949 F.2d 960 (8th Cir.1991) (misrepresentation, breach of contract, implied warranties and fraudulent representation). Cases cited by plaintiff to the contrary all pre-date *Pilot Life* and are at least implicitly disfavored by the Supreme Court's decision.

Plaintiff places great weight on numerous alleged violations by the defendant of South Dakota laws governing insurance companies and agents. It is plaintiff's contention that because the common law actions are based on the alleged statutory violations, the actions are saved from preemption. This reasoning is flawed for two reasons. First, the plaintiff cites no authority indicating that the various provisions of the insurance code give rise to a private right of action. It appears that a majority of the alleged violations cited by the plaintiff are enforceable only criminally or by the state insurance commission.

More fundamentally, precedent, particularly *Pilot Life*, indicates that the *basis* of the common law claims is irrelevant, it is the *action itself* which is preempted. A negligence or breach of contract action may arise in a variety of contexts where insurance is involved, but where ERISA is implicated, ERISA provides the exclusive remedy.

In conclusion, the Court finds that plaintiff's claims based on state law are pre-empted by ERISA. This order relates to counts I through VII of plaintiff's amended complaint. To the extent that plaintiff's state law and ERISA relief overlap, the Court makes no determination regarding the propriety of relief available under the Act. Stated another way, whether or not ERISA provides relief which was concomitantly sought on a state law theory, is beyond the scope of the present order.

---

**3.** This second prong was gleaned from cases interpreting the phrase "business of insurance" under the savings clause of the McCarran–Furgu-

son Act, 15 U.S.C. § 1012(a). *Pilot Life*, 481 U.S. at 47, 107 S.Ct. at 1553.