**Marjorie INCE**

**v.**

**HEALTHSOURCE ARKANSAS, INC.**

**No. LR–C–97–511.**

United States District Court,
E.D. Arkansas,
Western Division.

Sept. 18, 1997.

---

3. Docket No. 4.

4. Docket No. 6.

Lyn Peeples Pruitt, Mitchell, Williams Selig, Gates & Woodyard, Little Rock, AR, for plaintiff.

Donald H. Bacon, Friday, Eldredge & Clark, Little Rock, AR, for defendant.

### ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION FOR LEAVE TO AMEND

EISELE, District Judge.

Before the Court are Defendant Healthsource Arkansas, Inc.'s Motion to Dismiss and Plaintiff Marjorie Ince's Motion for Leave to File Amended Complaint. The Court has reviewed the submissions of the parties and, for the reasons set forth in this Order, will deny Defendant's Motion to Dismiss and will grant Plaintiff's Motion for Leave to File Amended Complaint. The Court will also discuss its views on the proper legal theory available to Plaintiff and will direct Plaintiff to amend her Complaint as set forth below.

### I. Background

Plaintiff filed this lawsuit on May 23, 1997, in Pulaski County Circuit Court, alleging that Defendant failed to pay benefits as required by Ark.Code Ann. § 23–86–116 (Michie 1992) and Defendant's certificate of coverage agreement.

On June 17, 1997, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1446. Defendant asserted as the basis for removal that the insurance policy at the heart of Plaintiff's Complaint is an employee welfare benefit plan under 29 U.S.C. § 1002. Thus, according to Defendant, the claims are subject to the civil enforcement provision of the Employee Retirement Income Security Act (hereinafter "ERISA"), which confers original federal question jurisdiction under 28 U.S.C. § 1331.

Defendant filed its Motion to Dismiss on June 19, 1997. In its Motion, Defendant argues that Plaintiff claims benefits under an ERISA employee welfare benefit plan and that, therefore, the proper party is the plan itself, not Defendant. According to Defendant, the Court should dismiss Plaintiff's Complaint pursuant to Rule 19 of the Federal Rules of Civil Procedure for failure to join a party.

Plaintiff responded to Defendant's Motion to Dismiss and submitted a Motion for Leave to File Amended Complaint on June 30, 1997. Although Plaintiff relies solely on state law in her Complaint and although diversity of citizenship does not appear to exist in this case, Plaintiff does not challenge removal, nor does she challenge Defendant's characterization of her coverage as falling within the purview of ERISA. By way of response, Plaintiff submits that Defendant is a fiduciary of the plan under ERISA and is, therefore, a proper party. Plaintiff argues that she may recover completely without the plan as a defendant.

In her motion for leave to amend, Plaintiff "seeks leave to clarify the ERISA issues

raised in her first Complaint." Motion for Leave to File Amended Complaint at ¶ 3.

## II. Subject–Matter Jurisdiction

 Title 28 U.S.C. § 1447(c) provides, in pertinent part, as follows: "A motion to remand the case on the basis of any defect in the removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." This Court agrees with other courts which have held that § 1447(c) enables district courts to raise the issue of subject-matter jurisdiction *sua sponte. See Farm Credit Bank of St. Paul v. Finstrom,* 1989 WL 73310 (D.Minn. June 26, 1989), *appeal dism'd,* 888 F.2d 559 (8th Cir.1989). Indeed, courts have not only the power but also the duty to do so. *See Schwinn Bicycle Company v. Brown,* 535 F.Supp. 486, 487 (W.D.Ark.1982). If the Court concludes that it lacks jurisdiction, the Court *"must* remand the case." *Transit Casualty Company v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 623 (8th Cir. 1997) (emphasis added). The Court must resolve all ambiguity in favor of jurisdiction in the state court. *See Masepohl v. American Tobacco Company, Inc.,* 974 F.Supp. 1245, ——, (D.Minn. 1997). The Court may not rely on any allegations in the Amended Complaint proposed by Plaintiff's Motion for Leave to File Amended Complaint but must evaluate its removal jurisdiction by looking to the record as it stood when the removal petition was filed. *See id.* (citing, *inter alia, Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 348–49, 83 L.Ed. 334 (1939); *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir.1969)).

The parties appear to agree that the Court has jurisdiction over this lawsuit. Defendant has so indicated by removing the action to federal court. In her Motion for Leave, Plaintiff states affirmatively that this Court and the state court have concurrent jurisdiction, and she cites 29 U.S.C. § 1132(a)(1)(B) and (e) for support. Title 29 U.S.C. § 1132(a)(1)(B) provides that an individual may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Section 1132(e) indicates that concurrent jurisdiction exists only for suits under § 1132(a)(1)(B) and vests exclusive jurisdiction in the federal courts for other ERISA suits. *See* 29 U.S.C. § 1132(e)(1). Thus, Plaintiff agrees that her lawsuit concerns her legal rights under the benefit plan at issue, as described in § 1132(a)(1)(B).

 Of course, a cursory review of the Complaint demonstrates that the substantive law upon which Plaintiff relies is the statutory and contract law of the State of Arkansas. Normally, of course, jurisdiction is determined from the face of a plaintiff's well-pleaded complaint, and an anticipated federal defense will not furnish a federal court with subject-matter jurisdiction. *See Louisville & N.R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Pfefferle v. Solomon,* 718 F.Supp. 1413, 1415 (E.D.Wis.1989). The Court infers that Defendant means to suggest that Plaintiff's claims are entirely preempted by ERISA. If that is the case, the Complaint by necessity involves a federal cause of action, and removal jurisdiction exists in this Court by virtue of the preemption-defense exception to the well-pleaded complaint rule. *See Guarino v. Metropolitan Life Insurance Co.,* 915 F.Supp. 435, 437 n. 1 (D.Mass.1995); *Pfefferle,* 718 F.Supp. at 1416.

 The Court concludes that Plaintiff's claims are preempted by ERISA and, therefore, that the Court has jurisdiction. Ark. Code Ann. § 23–86–116 provides as follows:

> (a) Every group disability insurance policy, contract, or certificate that provides coverage for hospital or medical services or expenses shall provide that the insurer shall continue its obligation for benefits under the policy or contract for any person insured under the policy or contract who is hospitalized on the date of termination if the policy or contract is terminated and replaced by a group health insurance policy or contract issued by another insurer or by a self-funded health care plan.

(b) Any payment required under this section is subject to all terms, limitations, and conditions of the policy or contract except those relating to termination of benefits. Any obligation by an insurer under this section continues until the hospital confinement ends or hospital benefits under the policy or contract are exhausted, whichever is earlier.

Plaintiff alleges that Defendant violated that statutory mandate and breached its certificate of coverage agreement by failing to pay certain benefits. The Court is aware of no statutory cause of action for damages associated with Ark.Code Ann. § 23–86–116, and the Court is of the opinion that, although Plaintiff alleges a violation of the statute, her cause of action sounds in common-law contract. *Cf. Independent Community of Bankers of South Dakota, Inc. v. United of Omaha Life Insurance Co.*, 902 F.Supp. 192, 195 (D.S.D.1994). Indeed, her Complaint focuses on the certificate of coverage agreement, and it is Defendant's alleged failure to abide by the agreement that is the crux of Plaintiff's lawsuit. ERISA preempts state-law claims for breach of contract. *See Walker v. National City Bank of Minneapolis*, 18 F.3d 630, 634 (8th Cir.1994) (citing *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)); *Donatelli v. Home Insurance Co.*, 992 F.2d 763, 764–65 (8th Cir.1993); *Burkett v. Sun Life Assurance Company of Canada.*, 958 F.Supp. 432, 435 (E.D.Ark.1997); *Guarino*, 915 F.Supp. at 442. Thus, the Court has jurisdiction over the instant action.

■ As ERISA has preempted the causes of action set forth in Plaintiff's Complaint, Plaintiff has not set forth a legal theory upon which she may recover. No need exists, however, for the Court to dismiss the Complaint because Plaintiff did not proceed upon a potentially successful legal theory. Plaintiff has set forth sufficient factual allegations to state a claim under § 1132(a)(1)(B). *See D'Onofrio v. Travelers Insurance Co.*, 662 F.Supp. 872, 874 (E.D.Ark.1987). The Court, therefore, will allow this litigation to proceed. *See* Fed.R.Civ.P. 8; *Guarino*, 915 F.Supp. at 442. In the interest of clarity, however, the Court will direct Plaintiff to amend her Com-

plaint within ten days of the entry of this Order to state ERISA causes of action.

## III. Motion to Dismiss

Defendant's Motion to Dismiss argues that the Court should dismiss the instant lawsuit pursuant to Rule 19 because Plaintiff failed to name the plan as a defendant. It is true that Rule 19 governs whether a party must be joined. *See Gwartz v. Jefferson Memorial Hospital Ass'n*, 23 F.3d 1426, 1428 (8th Cir.1994). Rule 19 notwithstanding, however, federal courts have interpreted § 1132(a)(1)(B) to require that a plaintiff suing thereunder name the appropriate benefit plan as a defendant. *See Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir.1985) *(per curiam )*; *Roeder v. ChemRex Inc.*, 863 F.Supp. 817, 828 (E.D.Wis.1994); *Green v. Eastern Airlines*, 138 F.R.D. 146, 147 (M.D.Fla.1991) (finding pension plan administrator and not employer to be proper party and citing *Reynolds v. Bethlehem Steel Corp.*, 619 F.Supp. 919 (D.Md.1984)). As the Court will permit amendment of the Complaint to specify the appropriate causes of action, the Court will direct Plaintiff to amend her Complaint to name the plan as a defendant in this action.

■ Of course, ERISA allows for recovery not only against benefit plans but also against employers, administrators, and insurers which are fiduciaries. *See Yeseta v. Baima*, 837 F.2d 380 (9th Cir.1988); *Frank C. Gaides, Inc. v. Provident Life & Accident Insurance Co.*, 1996 WL 497085, *2 (E.D.N.Y. August 26, 1996) (citing *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.), *cert. denied*, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988)). A fiduciary is an individual or an entity who "exercises any discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of assets ... [or] has any discretionary authority or discretionary responsibility in the administration of such plan." *Frank C. Gaides, Inc.*, 1996 WL 497085 at *2 (quoting 29 U.S.C. § 1002(21)(A)). Plaintiff asserts that Defendant was such a fiduciary, but it is not clear whether Plaintiff intends to state a claim for breach of fiduciary duty. The

Court will permit any amendment to the Complaint to state such claims against Defendant.

### IV. Motion for Leave to File Amended Complaint

■ Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, a party may amend a pleading "only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Defendant has not responded to Plaintiff's Motion for Leave, and the time allotted for response has passed. Failure to respond to a nondispositive motion is a sufficient ground for the granting of the motion. *See* Local Rule C–7(f). Pursuant to Rule 15(a), in light of Defendant's acquiescence, and because of the discussion in Parts II and III of this Order, the Court will grant Plaintiff's Motion for Leave to File Amended Complaint.

### V. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss[1] be, and it is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Amended Complaint[2] be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED that Plaintiff amend her Complaint to restate her legal theory and to name the proper parties as provided in the body of this Order.

---

1. Docket No. 2.

2. Docket No. 5.